■ In the Matter of the Arbitration between STANLEY KOENIGSBERG et al., Respondents, and OSCAR ZINN, Appellant, and CHARLES W. FROESSEL, Respondent.—Order and judgment (two papers) entered October 21, 1975 in the Supreme Court, New York County, granting petitioners-respondents' (respondents) application to confirm the arbitrator's award, unanimously affirmed, without costs to either party. The parties executed an agreement to arbitrate, dated May 10, 1971, in which they agreed *inter alia* that the "selected arbitrator [Honorable Charles Froessel] shall have the broadest possible discretion and latitude in connection with the conduct of the hearings, the procedures to be followed therein, and the rendition of an award with respect to the charges and the indebtedness, if any, to the corporations." The agreement also provided that the party against whom an award was to be entered should pay the fees of the arbitrator, the costs of the arbitration and reasonable attorney's fees. On or about October 25, 1972, the parties executed a stipulation settling the issues pending in the arbitration, but provided, in paragraph 10 thereof, that "Any controversy or claim arising out of or relating to this stipulation shall be determined by arbitration before Hon. Charles Froessel". Thereafter, in a letter to the arbitrator dated April 2, 1973, respondent-appellant (appellant) sought a reformation of the stipulation of settlement with regard to the previously agreed upon book value of one of the companies purchased by appellant. Appellant sought a substantial downward modification in value and requested that hearings be scheduled before the arbitrator, which hearings were held. Subsequently, on or about October 3, 1973, appellant unsuccessfully sought to withdraw his request for arbitration and terminate the proceedings prior to an award. In his award dated March 26, 1975, the

arbitrator permitted the proceeding to be withdrawn with prejudice and treated the reopened proceedings as a part of one continuous arbitration proceeding, and awarded respondents counsel fees and fixed his own fee pursuant to the parties' original agreement of May 10, 1971. Appellant contends that the arbitration hearings, which followed his request of April 2, 1973, constituted a separate and distinct arbitration proceeding. This contention must be rejected, since, in paragraph 10 of the October 25, 1972 stipulation of settlement, the parties envisaged the possibility of a dispute or disagreement arising therefrom and provided that any controversy or claim be heard and determined by the arbitrator. Moreover, appellant's April 2, 1973 request for reformation or modification of the stipulation necessarily refers to an existing determination and is retrospective in effect, thus supporting the conclusion that there was only one continuous proceeding. The argument that CPLR 7513 applies so as to forbid the allowance of attorney's fees is likewise without foundation. The parties expressly elected, as they could, to provide that reasonable attorney's fees should be paid by the losing party. Nothing in the statute forbids such an agreement, nor, in this instance, does such agreement offend public policy. The arbitrator acted in the full exercise of his broadly defined powers and we find nothing irrational in his determination, nor is it concluded that he acted in excess of the broad powers conferred by the parties' agreement. His powers were established by the instrument and all questions of law or fact were within his province and are reviewable only as specifically provided by statute (CPLR 7511; *Matter of Raisler Corp. [New York City Housing Auth.]*, 32 NY2d 274). Concur—Stevens, P. J., Kupferman, Silverman and Capozzoli, JJ.