**CHECKRITE OF SAN JOSE,
INC., Petitioner,**

v.

**CHECKRITE, LTD., et al., Respondents.**

No. 85–K–454.

United States District Court,
D. Colorado.

Aug. 4, 1986.

George T. Ashen, Denver, Colo., for petitioner.

Frederick T. Berhenke, William G. Imig, Marion A. Brewer, Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action by respondent, Checkrite, Ltd., to reopen this case and vacate the award of the arbitrators, pursuant to 9 U.S.C. § 10(c) and (d).[1] The case arose out of a dispute between a franchisee, petitioner, Checkrite of San Jose, Inc., and a franchisor, respondents. The franchise operation was located in San Jose, California and was created, pursuant to the franchise agreement between the parties, in July, 1983. Initially, the case was filed in the Superior Court of the State of California, in and for the County of Santa Clara, then the case was moved to a federal court in California, and finally it was transferred to this court. I entered a court order on April 5, 1985 staying the action, pending arbitration proceedings. An arbitration hearing before the American Arbitration Association was commenced on September 24, 1985. The arbitrators issued an award dated December 3, 1985, which the parties received December 10, 1985. The award rescinded the franchise agreement and awarded petitioner $110,000.00.

On March 10, 1986 respondents filed this motion. Respondents allege that the case should be reopened and the award vacated because: 1) the arbitrators failed to postpone an arbitration hearing on September 24, 1985; 2) the arbitrators refused to hear evidence which was material to the controversy; and 3) the arbitrators exceeded their powers by having a manifest disregard of the applicable law. Petitioner responds to each of these allegations and further alleges that the motion should be dismissed, because it is untimely, and also claims attorney fees from respondents for filing a frivolous and vexatious claim in reviewing the award.

Judicial review of an award following properly conducted arbitration proceedings is extremely narrow, and an arbitrator's award will not be set aside unless

---

1.  9 U.S.C. § 10(c), (d):
    In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

    .   .   .   .   .

    (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced.
    (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

    .   .   .   .   .

it fails to "draw its essence from the collective bargaining agreement." *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances. *Fizer v. Safeway Stores, Inc.*, 586 F.2d 182 (10th Cir.1978). Parties who agreed to submit matters to arbitration are "presumed to agree that everything, both as to law and fact, necessary to render an ultimate decision, is included in the authority of the arbitrator." *Continental Materials Corp. v. Gaddis Mining Co.*, 306 F.2d 952 (10th Cir.1962). Courts are expected to and justified in exercising caution when asked to vacate an arbitration award, which is the product of the theoretically informal, speedy and inexpensive process of arbitration, freely chosen by the parties. *Ormsbee Development Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir.), *cert. denied*, 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (1982). Further when a party attacks the validity of such an award, the party has the burden of sustaining such an attack. *Id.* The policy behind upholding final arbitration awards is the settlement of disputes amicably and quickly without extensive judicial intervention; speed and inexpensiveness are essential qualities of the arbitration process. In order to preserve these qualities and thereby retain the effectiveness of the arbitral system, it is essential that the federal courts recognize that the arbitrator is in the best position to make decisions relating to and affecting the parties to the arbitration, and to defer to the arbitrators judgment, absent abuse of his power. *United Steelworkers of America v. Ideal Cement Co.*, 762 F.2d 837, 840–41 (10th Cir.1985). With these principles in mind, I will now turn to the parties arguments.

■ Respondents allege grounds for vacation of the award pursuant to 9 U.S.C. § 10(c), in that the arbitrator erred in denying their request for a postponement of the arbitration hearing and excluded the testimony of a witness. Federal courts are to give great deference to an arbitrators' decision on matters of procedure which arise from the dispute and bear on its final disposition. Basically, matters of procedure lie within the discretion of the arbitrators. *United Steelworkers*, 762 F.2d at 841; *John Wiley and Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Further, arbitrators are given great latitude in conducting an arbitration hearing. Such proceedings are not constrained by formal rules of procedure or evidence. *Hoteles Condado Beach, LA Concha and Convention Center v. Union De Tronquistas Local 901*, 763 F.2d 34 (1st Cir.1985), *citing* F. Elkouri and E. Elkouri, *How Arbitration Works* 254–56 (3d ed. 1973). Although an arbitration award can be vacated where the arbitrators refuse to postpone a hearing upon sufficient cause and when prejudice results to the parties, the party seeking vacation must show "sufficient cause" existed and the rights of the parties have been prejudiced. 9 U.S.C. § 10(c).

■ Originally, this case was scheduled for a hearing on June 18, 1985. Following a request by the respondents, and later agreement of the parties, the hearing was continued and then reset to September 25, 1985. At the time of the hearing, respondents again requested a postponement or continuance, which was considered and then denied. The respondents state that they requested the second postponement or continuance in order to review complex financial records which were to be provided by petitioner. Petitioner responds that most of the materials were filed over four months before the hearing, and that the last documents were copies of the petitioner's gross receipts and were supplied at least two weeks before the arbitration proceeding. These final documents were only relevant for the purpose of computing the

eight per cent royalty fees, which respondents had claimed were due them at the arbitration hearing. Respondents have not demonstrated that there was sufficient cause to postpone the hearing, or that their rights have been prejudiced by the failure of the arbitrators to postpone the hearing. The arbitrators were not guilty of misconduct by failing to postpone the hearing.

■ Respondents also allege that the arbitrators erred in failing to allow John Bahneman to testify concerning certain issues. "The arbitrator is the judge of the admissibility and relevancy of evidence submitted in an arbitration proceeding." *Hoteles*, 763 F.2d at 39, *quoting* M. Hill and A. Sinicropi, *Evidence in Arbitration* 22 (1980). Without a showing of exceptional circumstances a reviewing court may not vacate an award based on the arbitrator's determination of the relevancy or persuasiveness of the evidence submitted by the parties. *Id.* at 39–40. Even if the arbitrator failed to receive some relevant evidence, every failure does not constitute misconduct requiring vacation of an arbitrator's award. *Id.* at 40.

■ Bahneman was the owner and operator of a Checkrite franchise in Sacramento, California. The arbitrators allowed Bahneman to testify extensively, however they did not permit him to testify concerning speculation as to the effectiveness of "SWAT" team marketing efforts in San Jose or the "trapping" of funds in the San Jose area. In the franchise agreement, it was provided:

> Except as specifically otherwise provided in this agreement, the parties agree that any disputes between them, and any claim by either party that cannot be amicably settled, shall be determined *solely* and *exclusively* by arbitration in accordance with the rules of the American Arbitration Association ... (emphasis added)

The corresponding Commercial Arbitration Rules of the American Arbitration Association referred to contain the following provision regarding the reception and exclusion of evidence at an arbitration hearing:

> The parties may offer such evidence as they desire and shall produce such additional evidence as the arbitrator may deem necessary to an understanding and determination of the dispute ... *The arbitrator shall be the judge of the relevancy and materiality of the evidence offered and conformity to legal rules of evidence shall not be necessary ...*

AAA Comm.Arb.Rules (1984 as amended) (emphasis added).

Consequently, the arbitrators had broad authority. There is no evidence to indicate misconduct on the arbitrators part.

■ Respondents also move to vacate the arbitrators' award pursuant to 9 U.S.C. § 10(d) alleging that the arbitrators exceeded their powers by manifest disregard of the law applicable to the case. An arbitrators award is not open to review on the merits. The merits embrace asserted errors in determining the credibility of witnesses, the weight to be given to their testimony, and the determination of factual issues. *Sterling Colorado Beef Co. v. United Food and Commercial Workers, Local Union No. 7*, 767 F.2d 718 (10th Cir.1985); *Amalgamated Butcher Workmen v. Capitol Packing Co.*, 413 F.2d 668, 672 (10th Cir.1969). A court cannot vacate an arbitrators' award merely because it disagrees with the arbitrators on the merits, such action would undermine the federal policy of encouraging the settling of disputes by arbitration. *Enterprise Wheel*, 363 U.S. at 596, 80 S.Ct. at 1360. Nor can a court upset the award on the basis that the court believes the arbitrators misinterpreted the law. *Raytheon Co. v. Rheem Mfg. Co.*, 322 F.2d 173 (9th Cir. 1963). Only if the arbitrator operated in manifest disregard of the law can the award be vacated. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

■ Respondents claim that rescission was not available as a remedy. They claim that since petitioner was in default under

the terms of the franchise agreement, rescission was not available. Further they allege that since, on their part, no conscious or knowing violation of the California Franchise Investment Law was sufficiently established, again rescission was not a remedy. There was, however, credible evidence and testimony introduced at the arbitration hearing which indicated that respondents were aware that they failed to register the franchise and franchise offering with the California Department of Corporations in accordance with the provisions of the California Franchise Investment Law. Therefore, the arbitrators could have found a conscious or knowing violation by respondents, and consequently the arbitrators did not exceed their authority or have a manifest disregard of the law. The arbitration award is affirmed.

Petitioner alleges that respondents motion should be dismissed on the grounds that it is untimely. A motion to reopen or vacate an arbitration award must be filed either within ninety days *after its receipt*, C.R.S. § 13–22–214, or within three months, 9 U.S.C. § 12. The award was entered on December 3, 1985, and respondents received notice of the award on December 10, 1985. Since they filed their motion on March 10, 1986, they made a timely motion.

■ Finally, petitioner requests attorney fees pursuant to C.R.S. 13–17–102. Specifically it alleges that the motion was filed without substantial justification and that it is groundless, frivolous and vexatious. The allowance of attorney fees is discretionary. *United Steelworkers*, 762 F.2d at 843. Although I do not find respondents arguments persuasive, I do not find them so frivolous as to warrant attorney fees.

IT IS THEREFORE ORDERED:

1. Respondents motion to reopen and vacate is denied.

2. Petitioner's motion for attorney fees is denied.