WILDWOODS OF LAKE JOHNSON ASSOCIATES, A NORTH CAROLINA PARTNER-SHIP, AND WILLIAM P. JOYNER, JR., MARGUERITE B. JOYNER, CHARLES B. DOUTHIT, C. OWEN PHILLIPS, LINDA PHILLIPS, AND SUSANNA CLARK, GENERAL PARTNERS v. L. P. COX COMPANY, AND HARTFORD FIRE INSURANCE COMPANY

No. 8710SC152

(Filed 15 December 1987)

**Arbitration and Award § 4— arbitration hearing—improper conduct—award vacated**

In an arbitration hearing arising from the construction of an apartment complex, the arbitrators conducted the hearing contrary to the provisions of N.C.G.S. § 1-567.6 in their basic refusal to hear evidence which would have interfered with their desire to dispose of the controversy as quickly as possible and at any and all costs, and their award was vacated.

APPEAL by defendants from *Herring, D. B., Jr., Judge*. Judgment entered 9 October 1986 in Superior Court, WAKE County, confirming an arbitration award entered on 28 March 1986. Heard in the Court of Appeals 3 September 1987.

On 1 May 1985, plaintiffs instituted this action pursuant to a contract dispute involving the construction of a multi-unit apartment complex in Raleigh, North Carolina. Also on 1 May 1985, in accordance with the mandatory arbitration provisions contained in the agreement, plaintiffs submitted a formal demand for arbitration to the American Arbitration Association. The original proceeding was stayed pending the decision of the Arbitration Association.

A selection process was conducted by the Arbitration Association and as a result, a panel comprising three arbitrators was chosen. The initial panel consisted of Mr. Robert A. Spence, Sr., Mr. Dolph Van Lannen and Mr. Richard L. Rice. Mr. Rice was later replaced by Mr. Aaron C. Vick after disclosing a possible conflict of interest. The arbitration hearings commenced on 4 February 1986 and continued intermittently until 26 February 1986, during which time the plaintiffs presented evidence as per their complaint as follows: that plaintiff Wildwoods of Lake Johnson Associates (hereinafter known as Wildwoods) is a limited partnership organized and existing under the laws of the State of North Carolina; that all other plaintiffs, William T. Joyner, Jr., Marguerite B. Joyner, Charles E. Douthit, C. Owen Phillips, Linda Phillips and Susanna Clark, are general partners of Wildwoods and appear in their representative capacity; that plaintiffs entered into a contract with defendants L. P. Cox Company (hereinafter known as Cox) and Hartford Fire Insurance Company (hereinafter known as Hartford) on 12 September 1983, under which defendant Cox became obligated to build and construct as general contractor, an apartment complex for the plaintiffs; that defendant Hartford issued, as surety, performance and labor and material payment bonds which guarantee proper performance and insure payment of the subcontractors upon failure of defendant Cox to so perform; and that defendant Cox breached the contract in question by employing defective construction and workmanship in constructing the buildings' exteriors with nails which have since rusted, resulting in defacing the exteriors, by failing to per-

form in a timely fashion as per contract specifications, and by completely abandoning the contract in an incomplete state.

The defendants presented evidence as per their answer and counterclaim to the effect that plaintiffs' prior breach of contract and defaults, occasioned by their interference with and disruption of the orderly and timely progress of the construction work, submission of defective and inadequate plans and specifications, and failure to pay contract balances when due, totally justified their breach, i.e., cessation of work on the project prior to completion.

On 28 March 1986, the panel, on behalf of the American Arbitration Association rendered its decision and awarded plaintiffs the sum of Nine Thousand Six Hundred Eight Dollars ($9,608.00). On 7 April 1986 defendant Cox filed a motion to vacate the arbitration award pursuant to G.S. sec. 1-567.13(4), and on 9 April 1986 plaintiffs filed a motion for confirmation of the award. The motions were consolidated for hearing and evidence was presented in the form of affidavits, transcript excerpts, and portions of the court reporter's original audio tape to the effect that the arbitration panel collectively harassed and badgered witnesses and appellant's attorney; refused to hear evidence; and constantly used profanity and sarcastic comments during the proceeding.

In opposition, Wildwoods held the position and presented evidence in support thereof that the misconduct affected both parties equally and that there was no bias toward one side which would justify vacating the award.

In an order entered 9 October 1986, the trial court noted that:

> the conduct of the arbitration proceeding . . . resulted in conduct which [it] would characterize as uncouth and that the arbitrators exhibited a failure to control counsel, an unfortunate tendency for making jokes during the proceeding and issued statements from which inferences may be made toward one party or the other and were constantly pushing the parties to get on with the case as well as using some profanity during the proceedings; . . .

However, the court found that the misconduct was not prejudicial and therefore confirmed the arbitration award in all respects and entered judgment accordingly. From this order defendants appeal.

*McMillan, Kimzey, Smith & Roten, by James M. Kimzey, for plaintiff appellees.*

*Marshall & Safran, by Grayson G. Kelley, for defendants appellants.*

JOHNSON, Judge.

Defendants advance one Assignment of Error on appeal, contending that the trial court erred in granting plaintiff appellees' motion for confirmation of the arbitration award and in denying defendant appellants' motion to vacate the award. Appellants base their assignment of error upon an alleged violation of G.S. 1-567.13 by the arbitration panel which presided over the hearing in question. Upon careful consideration of the record, briefs, and transcript, we agree and thus vacate the award and remand.

It has been well established both at common law, and in accordance with the statutory Uniform Arbitration Act that an arbitration award is presumed valid and the party which seeks to vacate it must shoulder the burden of proving the grounds for attacking its validity. *Wilson Bldg. Co. v. Thorneburg Hosiery Co.*, 85 N.C. App. 684, 355 S.E. 2d 815 (1987); *Turner v. Nicholson Properties, Inc.*, 80 N.C. App. 208, 341 S.E. 2d 42 (1986); *Thomas v. Howard*, 51 N.C. App. 350, 276 S.E. 2d 743 (1981). In addition, public policy favors the confirmation of arbitration awards; there is a presumption of validity and "every reasonable intendment will be indulged in favor of the regularity and integrity of the proceeding." *Bryson v. Higdon*, 222 N.C. 17, 20, 21 S.E. 2d 836, 837-38 (1942). Bearing these principles in mind, however, it becomes crucial to note that such an award is not infallible and a careful review, upon motion, serves to protect the integrity of this system for dispute settlement.

Although the issue regarding adequate grounds for vacating an award has infrequently been addressed, the North Carolina Supreme Court has held that where a party sufficiently meets its burden of demonstrating prejudicial misconduct as specified in G.S. 1-567.13, the award must be vacated. *Carolina-Virginia Fashion Exhibitors, Inc. v. Gunter*, 291 N.C. 208, 230 S.E. 2d 380 (1976).

In attempting to meet this heavy but not insurmountable burden, appellant Cox relies basically upon the statute in question. G.S. sec. 1-567.13 states in pertinent part:

(a) Upon application of a party, the court shall vacate an award where:

. . . (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

. . . (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy *or otherwise so conducted the hearing, contrary to the provisions of G.S. 1-567.6, as to prejudice substantially the rights of a party*; . . . (emphasis added).

In accordance with the Uniform Arbitration Act, arbitrators are also bound by guidelines set forth in G.S. sec. 1-567.6 in order to insure a full and fair hearing. One provision specifically provides that the parties to the action are entitled to be heard and are also entitled to present evidence which is material to the case or controversy.

Appellants contend that the carnival-like atmosphere which the arbitration panel facilitated from the inception of the proceeding substantially prejudiced their right to a full and fair determination. Specifically, appellants' attorney stated in his affidavit that as a result of continuous comments and sarcastic remarks by the panel he "felt compelled to modify [his] presentation, including the deletion of evidence which [he] had intended to present." He also stated that witnesses testifying on behalf of Cox consulted him as to how they could "avoid being criticized by the Arbitration Panel." Specific instances of the panel's negative conduct directed toward Mr. Safran, appellants' attorney, include colloquies as follows:

Arbitrator Spence: That's argumentative.

Mr. Kimzey: I don't have any further redirect.

Mr. Safran: I just want to repeat that I just hope —

Arbitrator Spence: I don't care to hear that either.

. . .

Q. (Mr. Safran): I'm sorry. I didn't hear that.

A. (Bill Dail): I said, we'd probably have to insulate every pipe in the project. I mean that you know, that—

Mr. Spence: (interposing) Say it one more time, because he may not hear well. Is that what you wanted?

. . .

Mr. Van Lannen: No, I think he's done an admirable job in a confusing situation. (Laughter)

Mr. Myles: You should have seen him on the job.

Mr. Kimzey: "Should have seen him on the job"? [sic] Who said that? Mr. Myles? (Laughs)

Mr. Safran: I don't—I don't mind that kind of interplay. It's just, you know, we're sitting here trying to put together a case—

. . .

Mr. Safran: You'll be pleased by—by the sequencing and timing of Mr. Hughes, Mr. Mann, and so forth.

Mr. Spence: I'm not complaining. It's your lawsuit. I sure as hell am not going to try it for you.

In addition, the panel also directed this impatience and unprofessionalism toward witnesses; as a result some of them became intimidated and apparently felt the necessity of apologizing for even testifying. During his direct testimony, appellants' witness Claude (Bubba) Hughes encountered such behavior as follows:

Mr. Spence: I wonder if we could get some testimony on what the hell was done on this job? . . .

Q. (Mr. Safran) Okay, Bubba, let's go right to—

A. (Interposing) All right.

Q. —the point. Let's give them, right now, the as built plan on exactly what happened at Wildwoods.

A. We can do that, and I apologize for bringing you through this; but I do want you to understand what you're fixing to see.

. . .

Mr. Spence: Don't—don't give us a sermon. Let's just talk about this particular project.

A. Sir, I am.

. . .

Mr. Spence: Do you have any documentary evidence that Mr. Li and the contractor and the architect and the owner ever discussed the possibility of delays?

A. Only what would be in the reports.

Mr. Spence: I'll be damned if I can get an answer to save my neck.

A. I'm sorry.

Based upon these specific illustrations we find the arbitrators conducted this hearing contrary to the provisions of G.S. 1-567.6 in their basic refusal to hear evidence which would interfere with their desire to dispose of this controversy as quickly as possible and apparently at any and all costs. G.S. 1-567.6 provides that the parties are entitled to be heard and to present evidence which is material to the determination of the dispute. In order for the parties to be meaningfully afforded such an entitlement, they must be given a reasonable opportunity to present their respective arguments. Upon careful examination of the evidence we find that appellants have sufficiently met their burden of demonstrating misconduct as contemplated in G.S. 1-567.13. It is for these reasons that we vacate the award of the arbitrators and the order confirming it. This case is remanded to the Superior Court of Wake County for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges BECTON and PARKER concur.