THE PINNACLE GROUP, INC., MOVANT v. JAMES E. SHRADER AND
MARGARET J. SHRADER, RESPONDENTS

No. 9126SC92

(Filed 21 January 1992)

1. **Arbitration and Award § 30 (NCI4th)— refusal of arbitrators to compel production of tapes—testimony heard—no basis for overturning award**

Arbitrators did not engage in misconduct so egregious as to deny respondents a fair hearing on their claim of unauthorized trading on their securities account, though the arbitrators refused to compel the production of original audio tapes of conversations between plaintiff's broker and respondent for expert analysis and the parties disagreed about the content of those conversations, since, in addition to the tapes, both sides presented oral and documentary evidence about the conversations and trades in question, and, while a complete omission of critical evidence by the arbitrator would justify vacating the result, the award should not be overturned if the evidence in question was heard in one form or another.

Am Jur 2d, Arbitration and Award §§ 91, 108, 118.5.

Discovery in aid of arbitration proceedings. 98 ALR2d 1247.

2. **Arbitration and Award § 54 (NCI4th)— arbitration award— award of attorney fees—New York law applicable—reasonableness of fees—award proper**

The parties' agreement upon which arbitration was based provided that New York law should govern, and New York law would uphold the arbitrators' award of attorney fees in this action, since the costs were expressly provided for in the parties' arbitration agreement, and the arbitrators were free to award attorney fees in an amount representing the reasonable value of the legal services actually rendered.

Am Jur 2d, Arbitration and Award § 139.

APPEAL by respondents from order and judgment entered 21 September 1990 and order and judgment entered 16 November 1990 by *Judge Samuel A. Wilson, III* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 6 November 1991.

## PINNACLE GROUP, INC. v. SHRADER

[105 N.C. App. 168 (1992)]

James E. and Margaret Shrader (respondents) had a securities account with movant, The Pinnacle Group, Inc. (Pinnacle), in which they primarily purchased and sold index options, a type of derivative security traded on the Chicago Board Options Exchange. During the time in controversy, October 1987, respondents dealt exclusively with Lee Folger, a broker in the employ of Pinnacle. Many of the conversations between Folger and respondents were taped during October 1987 and Pinnacle kept these audio recordings as part of its business records. As a result of the stock market crash in October 1987, respondents sustained losses which left a negative or debit balance in their securities account with Pinnacle.

Respondents contended their losses were due to Folger's failure to execute transactions on their behalf and from making unauthorized trades. Respondents submitted a claim to be arbitrated by the National Association of Securities Dealers, Inc. ("NASD") and agreed to submit this dispute to arbitration. Pinnacle answered and filed a counterclaim in the NASD arbitration proceeding, seeking to recover from respondents the debit balance of $131,981, plus interest and attorneys' fees pursuant to the Margin Agreement executed by respondents upon opening their Pinnacle account.

The parties proceeded to arbitration through the American Arbitration Association and presented their claims to a panel of three arbitrators who held hearings on 27-28 June 1990. On 6 August 1990, the arbitrators entered an award dismissing respondents' claims against all parties and holding them jointly and severally liable to Pinnacle for $138,000, inclusive of interest, and for attorneys' fees in the amount of $20,000. Pinnacle then moved to confirm the arbitration award and respondents moved to vacate the award. The trial court granted Pinnacle's motion to confirm the award and denied respondents' motion to vacate the award and entered judgment in favor of Pinnacle in the amount of $158,000, plus interest at the legal rate from the date of the arbitration award on 6 August 1990. Thereafter, Pinnacle moved for an additional award of attorneys' fees in the amount of $9,941 which was allowed by the court in an order dated 16 November 1990.

*Smith Helms Mulliss & Moore, by Peter J. Covington and Bradley R. Kutrow, for movant appellee.*

*Wyrick, Robbins, Yates & Ponton, by Samuel T. Wyrick, III, Nelson G. Harris, and John F. Wible, for respondent appellants.*

WALKER, Judge.

Respondents bring forth three questions for this Court's review. First, they contend the arbitrators committed error when they (1) failed to compel production of certain audio tapes for expert analysis; (2) failed to compel answers to interrogatories; and (3) rushed the arbitration hearings to conclusion, thereby excluding certain material evidence.

[1] Respondents' first assignment of error is the arbitrators' refusal to compel the production of the original audio tapes of the October 1987 conversations between Shrader and Folger for expert analysis. They contend that expert analysis of the original tapes would have disclosed the original tapes had been tampered with. In December 1989, respondents requested voluntary production of the tapes so that an expert could analyze them. Pinnacle provided a copy of a composite tape allegedly made from the original taped conversations which were on different tapes. Thereafter, respondents requested an order compelling production of the original tapes at the office of their expert. Pinnacle objected to the requested production on the grounds that copies of the taped conversations had been provided, that the original tapes contained confidential conversations with other customers which were material evidence in other proceedings, and that production was unneccesary since respondents could cross-examine Folger.

The arbitrator specially selected to consider the matter denied respondents' request by order dated 2 March 1990, and instead, required Pinnacle and Folger to produce affidavits establishing the chain of custody of the tapes by a person authorized to verify that the tapes had not been altered or tampered with. The order further provided that Pinnacle and Folger "should stand ready to produce immediately the originals of the tapes at the hearing conducted in this matter, if production is so ordered by the arbitrators. Such order may be induced if further evidence is supplied that indicates tampering of the tapes has taken place." These affidavits were submitted by Pinnacle's attorney and Folger. Respondents renewed their request for production of the tapes at the hearing on the matter. The arbitrators again denied the request, but gave respondents leave to present additional evidence.

Since this dispute arises from a contract to buy and sell securities in interstate commerce, and the parties having agreed to arbitrate, the case is governed by the Federal Arbitration Act. *See Burke*

*County Public Schools Board of Education v. Shaver Partnership*, 303 N.C. 408, 279 S.E.2d 816 (1981). Arbitration awards may only be vacated on one of the grounds specified in 9 U.S.C. Sec. 10(a) (1970):

> (1) Where the award was procured by corruption, fraud, or undue means.

> (2) Where there was evident partiality or corruption in the arbitrators . . . .

> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Also, the award may be vacated where the arbitrators acted in manifest disregard of the law to such an extent as to deny a party a fair hearing when the record is viewed as a whole. *See Atlantic Shores Resort Joint Adventure v. Martin*, 731 F.Supp. 1279 (D.S.C. 1990); *Checkrite of San Jose, Inc. v. Checkrite, Ltd.*, 640 F.Supp. 234 (D.Colo. 1986). Thus, as a general rule an arbitration award is presumed valid and the party seeking to vacate it must shoulder the burden of proving the grounds for attacking its validity. *See G. L. Wilson Building Co. v. Thorneburg Hosiery Co., Inc.*, 85 N.C.App. 684, 355 S.E.2d 815, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 75 (1987); *Turner v. Nixon Properties, Inc.*, 80 N.C.App. 208, 341 S.E.2d 42, *disc. review denied*, 317 N.C. 714, 347 S.E.2d 457 (1986); *Thomas v. Howard*, 51 N.C.App. 350, 276 S.E.2d 743 (1981). Only *clear* evidence will justify vacating an award. *National Bulk Carriers, Inc. v. Princess Management Co., Ltd.*, 597 F.2d 819, 825 (2d Cir. 1979).

A moving party's burden is not carried simply by showing that evidence was not received. The appellants must show that the arbitrators' failure to receive evidence rose to the level of misconduct and thus deprived them of a fair hearing. *Fairchild & Co., Inc. v. Richmond, Fredericksburg & Potomac Railroad Co.*, 516 F.Supp. 1305, 1314 (D.D.C. 1981). Every failure to receive evidence does not constitute misconduct requiring vacation of an arbitrator's award. *Id.* In keeping with the policy of limited review of arbitra-

tion awards, courts have recognized that arbitrators have broad discretion to establish procedures for the conduct of the arbitration and to govern pre-hearing discovery. *Lashco, Inc. v. Erickson*, 700 F.Supp. 960, 963 (N.D.Ill. 1988).

A court is not free to review the merits of the dispute and cannot substitute its judgment for that of the arbitrators. *Checkrite of San Jose, Inc. v. Checkrite, Ltd.*, 640 F.Supp. 234, 236 (D.Colo. 1986). Arbitration is not governed by the rules of evidence, and matters relating to discovery are left to the discretion of the arbitrators. *See* NASD Code of Arbitration Procedure Sec. 34. However, even in arbitration parties are entitled to present evidence which is material to the determination of the dispute and must be given a reasonable opportunity to present their respective arguments. *Wildwoods of Lake Johnson Associates v. L. P. Cox Co.*, 88 N.C.App. 88, 362 S.E.2d 615 (1987), *disc. review denied*, 322 N.C. 838, 371 S.E.2d 285 (1988).

In the case before us, the record reveals that in addition to the tapes, both sides presented oral and documentary evidence about the conversations and trades that were the basis for respondents' claim of unauthorized trading. This dispute centers around the conflicting versions of the conversations between Shrader and Folger. Both parties to the disputed conversations testified about their recollection of the conversations. Some of the conversations were taped, others were not. Mr. Shrader testified extensively as to what he contended was inaccurate about the tape transcripts. While a complete omission of critical evidence by the arbitrator would justify vacating the result, the award should not be overturned if the evidence in question was heard in one form or another. *L. R. Foy Construction Co., Inc. v. Spearfish School District*, 341 N.W.2d 383, 385-86 (S.D. 1983). Having heard the testimony and evidence on the substance of what was contained in the tapes, we cannot say as a matter of law that the arbitrators engaged in misconduct so egregious as to deny respondents a fair hearing.

Respondents' remaining assignments of error relating to the arbitrators' failure to compel answers to interrogatories and rushing the hearing to conclusion are also without merit. Documents were produced for respondents and both Folger and Charles Chirchirillo (Director of Operations for Pinnacle) testified and were subject to cross-examination. Portions of their testimony was directed to the questions contained in respondent's interrogatories. According-

ly, we find there has been no showing by respondents that other material evidence sought through the interrogatories was excluded from the arbitrators' consideration.

Likewise, with regard to the hearings being "rushed," it is noted that this hearing covered two days and a careful review of the record does not support respondents' assertion that the proceedings were rushed. To the contrary, near the conclusion of the hearing in response to a question from the chairman of the panel asking if the parties had an equal opportunity to be heard, counsel for the respondents answered in the affirmative. No other request (or objection) was made to present additional evidence.

[2] Respondents next contend the arbitrators were without authority to award attorneys' fees of $20,000 in this case since under North Carolina law attorneys' fees on debts may only be awarded by a trial court pursuant to G.S. 6-21.2. *G. L. Wilson Building Co. v. Thorneburg Hosiery Co., Inc.*, 85 N.C.App. 684, 355 S.E.2d 815, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 75 (1987). In the award, the arbitrators determined the respondents should pay to Pinnacle the sum of $20,000 representing attorneys' fees and then stated, "awarded pursuant to North Carolina law." In closing summations both parties urged the arbitrators not only for an award in their favor, but also for attorneys' fees. Questions from the arbitrators and responses by counsel centered around the provisions in North Carolina law regarding the award of attorneys' fees. This could be an explanation of why the arbitrators stated attorneys' fees were awarded pursuant to North Carolina law. However, this erroneous reference to North Carolina law does not require vacating the arbitrators' award. The agreement upon which the arbitration is based stated that the law of New York governs the parties to the contract and any disputes between the parties should be resolved through arbitration. This contract further provided that Pinnacle could recover reasonable costs and expense of collection of the debit balance, including attorneys' fees.

An arbitration agreement may validly provide for arbitration in accordance with the laws of another state. 6 C.J.S. *Arbitration* Sec. 16 (1975). The parties may agree that a certain jurisdiction's substantive law will govern their contract. *Tanglewood Land Co., Inc. v. Byrd*, 299 N.C. 260, 261 S.E.2d 655 (1980). Our Court recognizes that a party's entitlement to attorneys' fees *is* a question of substan-

. tive law. *Tolarem Fibers, Inc. v. Tandy Corp.*, 92 N.C.App. 713, 375 S.E.2d 673, *disc. review denied*, 324 N.C. 436, 379 S.E.2d 249 (1989).

All that must be decided is whether New York law would uphold the arbitrators' award of attorneys' fees in the present action. New York law provides that attorneys' fees can be recovered in an arbitration proceeding only where such costs are expressly provided for in the arbitration agreement. *See Grossman v. Laurance Handprints—N.J., Inc.*, 90 A.D.2d 95, 455 N.Y.S.2d 852 (1982); *In re Koenigsberg*, 51 A.D.2d 929, 381 N.Y.S.2d 248 (1976).

In the present case, the award of $20,000 in attorneys' fees on the outstanding balance of the debt of $138,000 was slightly less than 15% of this amount. Unlike North Carolina which limits recovery of attorneys' fees to 15% of the outstanding debt (G.S. 6-21.2), New York has no universal statutory limit on the recovery of attorneys' fees. The legislature there has provided limits on recovery ·in two specific instances, neither of which is applicable in the present case. *See* N.Y. Pers. Prop. Law Sec. 302(7) (a retail installment contract for the purchase of an automobile may provide for the payment of attorneys' fees not exceeding 15% of the amount due and payable); N.Y. Pers. Prop. Law Sec. 413(5) (a retail installment credit card agreement may provide for the imposition of attorneys' fees not to exceed 20% of the amount due and payable under the contract). Otherwise, in New York the award of attorneys' fees must be based upon the reasonable value of the legal services actually rendered. *Marine Midland Bank v. Roberts*, 102 Misc.2d 903, 424 N.Y.S.2d 671 (1980); *Mead v. First Trust & Deposit Co.*, 60 A.D.2d 71, 400 N.Y.S.2d 936 (1977). Since the agreement provided for attorneys' fees, the arbitrators were free to award attorneys' fees in an amount representing the reasonable value of the legal services actually rendered.

As stated earlier, appellate review of an arbitration award is severely limited and we are not free to substitute our judgment for that of the arbitrators. Accordingly, we cannot say that the award of $20,000 in attorneys' fees to Pinnacle for costs incurred during arbitration constituted an abuse of discretion which warrants vacating the award.

Respondents' final assignment of error is that the trial court's award of an additional $9,941 in attorneys' fees was excessive as a matter of law under G.S. 6-21.2. Respondents assert this amount,

when totaled with the arbitrators' award of $20,000, was in excess of the statutory amount that North Carolina allows a party to recover based upon the outstanding balance of a debt. These attorneys' fees were incurred by Pinnacle as a result of respondents challenging the award in Superior Court by filing an application to vacate the arbitration award. After denying respondents' application to vacate, the court determined Pinnacle's request for attorneys' fees in the amount of $9,941 was reasonable and allowable under the law of New York. It was for the trial court to make this determination and we find no error in its award of the additional attorneys' fees incurred by Pinnacle.

Affirmed.

Judges WELLS and LEWIS concur.