**FIRST UNION SECS., INC. v. LORELLI**

[168 N.C. App. 398 (2005)]

FIRST UNION SECURITIES, INC., FORMERLY KNOWN AS WACHOVIA SECURITIES, INC., PLAINTIFF v. ROBERT LORELLI, DEFENDANT

ROBERT LORELLI, PETITIONER v. FIRST UNION SECURITIES, INC., NOW KNOWN AS WACHOVIA SECURITIES, INC., RESPONDENT

No. COA04-116

(Filed 1 February 2005)

**Arbitration and Mediation— arbitration—attorney fees**

The superior court did not err in a securities broker's defamation, wrongful termination, failure to pay severance benefits, tortious interference with contractual relations, and withholding of referral fees case by affirming an arbitration award granting attorney fees to petitioner even though respondent contends that the arbitration panel lacked the authority to award attorney fees, because: (1) both parties specifically requested attorney fees; and (2) the parties' uniform submission agreement incorporated the New York Stock Exchange (NYSE) Rules, and NYSE Rule 629 allowed a panel of arbitrators to award attorney fees.

Appeal by petitioner from judgment entered 6 October 2003 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 October 2004.

*Hamilton Gaskins Fay & Moon, P.L.L.C., by Margaret Behringer Maloney and David G. Redding, for petitioner-appellant.*

*Ferguson Stein Chambers Wallas Adkins Gresham & Sumter, P.A., by John W. Gresham and Liddle & Robinson, L.L.P., by James R. Hubbard, Laurence Moy and Candace M. Adiutori, for respondent/cross-petitioner appellee.*

ELMORE, Judge.

Wachovia Securities, Inc., formerly First Union Securities, Inc. (First Union), appeals an order of the superior court affirming the arbitration award in favor of Robert Lorelli (Lorelli). First Union contends that the arbitration panel lacked authority to award attorneys' fees to Lorelli. We conclude that the arbitration panel did not exceed its authority in making the award and affirm the judgment below.

**FIRST UNION SECS., INC. v. LORELLI**

[168 N.C. App. 398 (2005)]

The record establishes the following: In June 2000, Lorelli received notice that he was being terminated by First Union, where he was employed as a brokerage representative. First Union filed with the NASD Central Registration Depository a Uniform Termination Notice for Securities Industry Registration (Form U-5), which stated as the reason for Lorelli's termination that "Internal compliance review uncovered violations of firm policy and industry standards of conduct." As a result, Lorelli's NASD registration with First Union was effectively terminated. Lorelli requested an arbitration hearing before a panel appointed by the New York Stock Exchange (NYSE), of which First Union is a member firm. By executing a Uniform Submission Agreement, Lorelli and First Union agreed to arbitrate the matter "in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the [NYSE]." Lorelli brought forth several claims, including defamation for the filing of a false and disparaging Form U-5; wrongful termination; failure to pay severance benefits; tortious interference with contractual relations; and withholding of referral fees. In their pleadings, both parties requested that the arbitrators grant attorneys' fees. In addition, after the arbitration proceeding, Lorelli filed an application for attorneys' fees and motion for sanctions. In its 20 May 2003 award, the panel ordered that the U-5 be expunged and that First Union file an amended form stating the reason for Lorelli's termination as "Personality Conflict with supervisor." The panel awarded Lorelli attorneys' fees of $196,911.25 and costs of $26,715.00. On the severance pay claim, the panel awarded First Union attorneys' fees in the amount of $5,000.00. First Union filed a petition with the superior court seeking to vacate or modify the attorneys' fee award, and Lorelli filed a petition to confirm. On 6 October 2003 the court entered its order confirming the award. From this award and judgment, First Union appeals.

At the outset, we note that this arbitration dispute involves a contract affecting interstate commerce, and thus is governed by the Federal Arbitration Act (FAA). *See LSB Fin. Servs., Inc. v. Harrison*, 144 N.C. App. 542, 546, 548 S.E.2d 574, 577 (2001) (brokerage agreements and U-4 securities industry registration forms are contracts involving commerce within the meaning of the FAA). Section 10(a) of the Act provides that an award may be vacated upon one of the following grounds:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (2003). Judicial review of an arbitration award is severely limited in order to encourage the use of arbitration and in turn avoid expensive and lengthy litigation. *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994), *cert. denied*, 513 U.S. 1112, 130 L. Ed. 2d 786 (1995). Thus, "[u]nder the FAA, 'an arbitration award is presumed valid, and the party seeking to vacate it must shoulder the burden of proving the grounds for attacking its validity.'" *Carpenter v. Brooks*, 139 N.C. App. 745, 751, 534 S.E.2d 641, 646, (quoting *Pinnacle Group, Inc. v. Shrader*, 105 N.C. App. 168, 171, 412 S.E.2d 117, 120 (1992)), *disc. review denied*, 353 N.C. 261, 546 S.E.2d 91 (2000). On appeal of a trial court's decision confirming an arbitration award, we accept the trial court's findings of fact that are not clearly erroneous and review its conclusions of law *de novo*. *See id.* (citing to *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947-48, 131 L. Ed. 2d 985, 996 (1995)).

First Union contends that the trial court erred in confirming the arbitration award because the arbitration panel lacked the authority to award attorneys' fees to Lorelli. In considering this argument, the trial court remarked as follows:

Lorelli, in his petition to confirm the award, contends that there are three bases upon which the arbitrators had the authority to award fees. The first is that the rules of the New York Stock Exchange authorize a panel to award attorneys' fees. The second is that the parties agreed to submit the issue of attorneys' fees to the panel. Lorelli's third argument is that the conduct of First Union in destroying documents it was required to maintain and in failing to timely produce documents provided an additional basis for the award of fees.

**FIRST UNION SECS., INC. v. LORELLI**

[168 N.C. App. 398 (2005)]

The court specifically found that NYSE Rule 629 allows a panel of arbitrators to award attorneys' fees and that both parties submitted the issue of attorneys' fees to the panel. We conclude that these two grounds are sufficient to uphold the panel's award of fees.[1]

The Uniform Submission Agreement signed by both parties is a valid and binding contract and modifies the arbitration agreement. *See Dean Witter Reynolds, Inc. v. Fleury*, 138 F.3d 1339, 1342 (11th Cir. 1998). Thus, the scope of the arbitrators' jurisdiction is defined by both the intent of the parties as expressed in the contract containing the arbitration clause and the submission agreement. *Executone Info. Sys. v. Davis*, 26 F.3d 1314, 1323 (5th Cir. 1994); *Thomas v. Prudential Securities, Inc.*, 921 S.W.2d 847, 849 (Tex. Ct. App. 1996). Here, the parties agreed to submit their dispute to arbitration and be bound by the Constitution and Rules of the NYSE. As such, these rules provide a contractual basis for the arbitrators' authority to resolve a particular claim. NYSE Rule 629 provides that "In addition to forum fees, the arbitrator(s) may determine in the award the amount of costs incurred . . . and, unless applicable law directs otherwise, other costs and expenses of the parties. The arbitrator(s) shall determine by whom such costs shall be borne." NYSE Rule 629(c) (2003). In *Prudential-Bache Securities, Inc. v. Tanner*, 72 F.3d 234, 242-43 (1st Cir. 1995), the First Circuit interpreted "other costs and expenses" to include attorneys' fees. The court concluded the record supported its determination that the arbitration panel had jurisdiction to award fees, as both parties requested attorneys' fees from the panel. *Id.* Here, both parties requested attorneys' fees as part of the panel's award. First Union's argument to the contrary, that Lorelli failed to request attorneys' fees on all claims, is unpersuasive. Lorelli's Statement of Claim contained requests for attorneys' fees, costs, and other appropriate relief.

The Texas Court of Appeals addressed a similar set of facts in *Thomas v. Prudential Securities, Inc.*, 921 S.W.2d 847, 849 (Tex. Ct. App. 1996). In that case, both parties requested that the arbitration panel award attorneys' fees and signed a submission agreement incorporating the NYSE Rules into the arbitration agreement. In concluding that the panel did not exceed its authority in granting attorneys' fees, the court agreed with the reasoning of the First Circuit in

---

1. The court determined that First Union's discovery conduct was an additional ground to support the award of attorneys' fees. Under our limited review, we need not address this alternative ground, as we find that the first two grounds adequately support the award.

*Tanner* that NYSE Rule 629 permits the arbitrators to award such fees. *See id.* at 850-51. The court also noted that the parties submitted claims for attorneys' fees to the panel, and that this is an indicator of the arbitrators' authority. *Id.* In the instant case, as in *Thomas*, the parties specifically requested attorneys' fees, and their agreement incorporated the NYSE Rules. We see no reason to depart from the analysis articulated by the court in *Tanner* and approved in *Thomas*, and thus conclude that attorneys' fees were properly awarded pursuant to NYSE Rule 629(c).

First Union argues nonetheless that state substantive law controls, and that North Carolina law does not allow a prevailing party to recover attorneys' fees on a defamation claim. In support of this argument, First Union cites to *Pinnacle Group, Inc. v. Shrader*, 105 N.C. App. 168, 412 S.E.2d 117 (1992), wherein this Court decided that New York substantive law upheld the arbitrators' award of attorneys' fees. However, that case is distinguishable because there the parties' arbitration agreement contained a clause declaring that *state* substantive law would govern. *See Pinnacle*, at 173, 412 S.E.2d at 122 ("The agreement upon which the arbitration is based stated that the law of New York governs the parties to the contract and any disputes between the parties should be resolved through arbitration."). In contrast, the parties in the case *sub judice* submitted their dispute to arbitration in accordance with the NYSE Rules; the agreement to arbitrate contained no such state law provision. Additionally, we note that decisions issued after *Pinnacle* have reasoned that a state choice of law clause in an arbitration agreement should not be construed to limit the authority of arbitrators. *See, e.g., Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 131 L. Ed. 2d 76 (1995) (state choice of law provision shall not be interpreted to preclude an arbitration award of punitive damages unless agreement between parties specifically and unequivocally states that such relief is excluded); *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193 (2d Cir. 1996) (applying *Mastrobuono* analysis to arbitrators' authority to award attorneys' fees).

We conclude that in light of the parties' requests for fees and execution of the submission agreement expressing their intent that the Constitution and Rules of the NYSE define the scope of the panel's jurisdiction, the arbitrators did not exceed their authority in awarding attorneys' fees to Lorelli.

**WELLONS CONSTR., INC. v. LANDSOUTH PROPS., LLC**

[168 N.C. App. 403 (2005)]

Affirmed.

Judges McGEE and McCULLOUGH concur.