◼ JOSEPH KOHN, Respondent, v. KENTON ASSOCIATES, LTD., et al., Appellants.— Order entered July 6, 1966 unanimously modified, on the law, to the extent of granting the motion of the defendant-appellant Coliseum Plaza, Inc., for summary judgment dismissing the complaint as to it, without costs or disbursements, and otherwise affirmed, without prejudice to an application by plaintiff-respondent, if so advised, to apply at Special Term for leave to replead against said defendant-appellant. The complaint as to defendant-appellant Coliseum Plaza, Inc., fails to allege those factors requisite to a cause of action for economic duress. To allege that the cobrokerage agreement was entered into under " duress " because of plaintiff's belief that the individual defendant would " kill the deal ", that is, would breach the contract, does not constitute duress. One does not act under duress, moreover, where there is available adequate legal remedy to redress the threatened coercion. (*Allstate Med. Labs.* v. *Blaivas,* 26 A D 2d 536; *Colonie Constr. Corp.* v. *De Lollo,* 25 A D 2d 464; *Oleet* v. *Pennsylvania Exch. Bank,* 285 App. Div. 411; *Clasen* v. *Doherty,* 242, App. Div. 502.) Concur — Botein, P. J., Stevens, Tilzer and McNally, JJ.

◼ MERCHANTS IMPORTING, INC., Respondent, v. KUHN & SCHNEIDER, INC., et al., Appellants, et al., Defendant.— Order entered July 28, 1966 appealed from, unanimously modified, on the law, and the motion granted to the extent of dismissing the fourth cause of action. As so modified the order is otherwise affirmed, without costs or disbursements to either party. The fourth cause seeks an accounting of moneys and profits made by defendants. The complaint does not allege or establish any fiduciary relationship so as to entitle plaintiff to the relief sought. Nor are such special circumstances present as warrant equitable relief in the interests of justice (cf. *Kaminsky* v. *Kahn,* 23 A D 2d 231). Plaintiff's damages are not measured by moneys or profits made by these defendants. Plaintiff's damage, if any, is the difference between what plaintiff actually earned and what it would have earned but for the alleged wrongful acts. Plaintiff only would be entitled to compensation for pecuniary loss directly and proximately resulting from the alleged wrong (see *Reno* v. *Bull,* 226 N. Y. 546; 13 N. Y. Jur., Damages, § 16 *et seq.,* § 108), and not entitled to be placed in any better position than if the wrong had not been done. Concur — Stevens, J. P., Steuer, Capozzoli, McNally and Witmer, JJ.