OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs. Mohawk Data Sciences (Mohawk) entered into a contract with Information Sciences (Information) whereby it agreed to replace two of Information’s computers with a modern central processing unit. Information allegedly relied on a representation by Mohawk that certain existing parts would be compatible with the new unit and when the conversion process encountered difficulties, Information returned the Mohawk components without payment. The present dispute then arose.
 

 The contract contained the following arbitration clause: "The parties hereto agree that any controversy or claim arising out of this Agreement, other than default in the payment of any charges due hereunder, or any dispute arising out of the interpretation or application of this Agreement, which the parties hereto are unable to resolve, shall be settled by arbitration in Utica, New York, with the American Arbitration Association”. Mohawk served a demand for arbitration asserting that there was an unjustified cancellation of the contract and a failure to comply with the contract terms, including certain payment provisions. Information instituted this proceeding to stay arbitration alleging that the dispute was not covered by the arbitration clause and that the clause itself was invalid because the entire contract was induced by fraud.
 

 The agreement to arbitrate covered "any controversy or
 
 *920
 
 claim arising out of this Agreement * * * or any dispute arising out of the interpretation or application of this Agreement”. The clause also included an exclusion for matters involving "default in the payment of any charges due hereunder”. This exclusion does not encompass every claim or dispute which is evidenced by failure to make payment, else the exclusion would engulf the agreement to arbitrate, leaving it without meaning. This exclusion must be deemed to refer only to collection matters which arise after all the terms of the contract have been filled except payment. Read in this light, as indeed it must be, the demand for arbitration clearly presents a claim covered by the arbitration agreement.
 

 This court has held that where the parties have agreed to a broad arbitration clause, the issue of fraud in the inducement is one for the arbitrator
 
 (Matter of Weinrott [Carp],
 
 32 NY2d 190). Where the parties have agreed generally to submit to arbitration all disputes arising out of the contract or any dispute relating to the meaning and interpretation of the underlying agreement, they have adopted a broad arbitration clause
 
 (Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,
 
 37 NY2d 91, 95). As noted above, the exclusion clause must be read as bearing only on collection questions and, as such, it has at best a
 
 de minimus
 
 impact as a limitation on the agreement. The exclusion has effect only after performance of all the basic terms of the contract except payment, for only then is the matter purely one involving default in payment. Thus, the exclusion applies only to default in payment for reasons other than nonperformance of the sales and service contract provisions, at which point there would be little reason to use arbitration as a collection procedure. Given the limited applicability of this exclusion, the language of the agreement to arbitrate is otherwise unrestrictive and thus sufficiently broad so as to permit the application of the general principles governing the submission of disputes under such "broad” arbitration clauses
 
 (Matter of Macy & Co. [National Sleep Prods.]
 
 39 NY2d 268, 271); and, accordingly, the issue of fraud in the inducement is for the arbitrator.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.