Martin Grossman, Respondent, v Laurence Handprints-N.J., Inc., et al., Appellants.

Second Department, November 29, 1982

APPEARANCES OF COUNSEL

*Wolf, Popper, Ross, Wolf & Jones* (*Michael P. Fuchs* of counsel), for appellants.

*Weinstein & Weinstein* (*Jonathan H. Weinstein* of counsel), for respondent.

### OPINION OF THE COURT

RUBIN, J.

The plaintiff and the individual defendants entered into an agreement in January of 1981, under the terms of which the plaintiff sold and the defendants bought all of the stock of Laurence Handprints-N.J., Inc., at an agreed price of $80,000. The contract of sale provided, *inter alia,* that the purchasers would give the seller a promissory note in the amount of $40,000, payable in installments, as part of the consideration. In June of 1981, the plaintiff seller commenced this action against the defendant purchasers by serving them with a summons and complaint, dated June 2, 1981, alleging four causes of action. The plaintiff claimed:

(1) it was owed $40,000 by reason of defendants' breach of contract in defaulting on payment of the promissory note;

(2) that defendants owed plaintiff $3,000 for wrongful possession and refusal to return to plaintiff certain of his goods and materials;

(3) that defendants should be compelled to turn over to plaintiff certain company books and records; and

(4) that defendants should be required to render an accounting of moneys collected and owing to plaintiff.

The defendants did not answer the complaint, but instead, on June 12, 1981, moved, pursuant to CPLR 7503 (subd [a]) to compel arbitration of their differences as provided for in the contract of sale. In addition to opposing defendants' motion, the plaintiff, by cross notice of motion, dated June 26, 1981, moved for summary judgment against the defendants. By order dated October 28, 1981, Special Term ignored the issues raised by defendants' motion, and granted plaintiff's cross motion insofar as it was for summary judgment as to the first, third and fourth causes of action. The defendants moved for reargument, and by order dated December 10, 1981, Special Term granted reargument and adhered to its original determination. In both its original determination and its determination on reargument, Special Term emphasized that it was basing its decision as to the first cause of action on the promissory note primarily on the failure of defendants to provide the court with proof by persons having actual knowledge of the facts. Defendants had only submitted an affirmation by their attorney. The court cited *Rubin v Rubin* (72 AD2d 536) and this court's decision in *Valenti v Purdy* (71 AD2d 1019, 1020).

Summary judgment was granted on the third and fourth causes of action on the ground that they sought equitable relief, which was excluded from arbitration by the terms of the agreement. The second cause of action was referred to arbitration.

In our opinion, Special Term erred, on procedural grounds, in granting plaintiff's cross motion as well as in its factual finding, implicit in its decision, that defendants were not entitled to arbitration of the claims set forth in the first, third and fourth causes of action.

Nowhere in his notice of cross motion or in his supporting papers does counsel for the plaintiff specify the section of the CPLR under which he is seeking summary judgment. The sections dealing with summary judgment are found in CPLR 3211, 3212 and 3213.

The provisions of CPLR 3211 (subds [b], [c]) are not applicable since no motion was made by the plaintiff under subdivision (b). The obvious reason is that no answer was interposed by defendants to which such a motion by plain-

tiff could be addressed. Defendants' application was to compel arbitration pursuant to CPLR 7503 prior thereto so as not to waive their alleged right to arbitration.

CPLR 3212 provides in pertinent part: "(a) Time; kind of action. Any party may move for summary judgment in any action, *after issue has been joined.*" (Emphasis supplied.) In the case at bar, issue had not been joined and, therefore, the court was powerless to grant summary judgment pursuant to CPLR 3212 (see 6 Carmody-Wait 2d, NY Prac, p 458; *Alro Bldrs. & Contrs. v Chicken Koop,* 78 AD2d 512; *Milk v Gottschalk,* 29 AD2d 698). Defendants' counsel was well aware of this provision and pointed it out in his affirmation in opposition to plaintiff's cross motion. In addition, he alleged that there were disputed issues of fact arising from the financial transaction which precluded summary judgment.

By the same token, plaintiff was not entitled to move for summary judgment under CPLR 3213. The first sentence of that section reads: "When an action is based upon an *instrument for the payment of money only* or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers *in lieu of a complaint.*" (Emphasis supplied.) Plaintiff did not follow that statutory procedure. Instead, the plaintiff commenced his action by the service of a summons and complaint alleging four causes of action. Even assuming, *arguendo,* that the first cause of action was based on an instrument "for the payment of money only", the complaint actually pleaded three additional causes of action. In fact, plaintiff's motion for summary judgment addressed all four causes of action alleged in the complaint and not just the cause of action on the note. It follows, therefore, that the action was not one "for the payment of money only" and that summary judgment could not properly have been granted to plaintiff under CPLR 3213.

We turn now to defendants' contention that they were entitled to arbitration in accordance with the appropriate provisions of their contract of sale. As indicated above, Special Term ignored the issues raised by defendants' application and granted plaintiff's cross motion for summary judgment as to three of the causes of action, so we

must assume that the court never addressed the merits of defendants' application. In granting summary judgment, Special Term made a finding that plaintiff's claims, under the second cause of action, were not specific enough for summary judgment and directed that the parties proceed to arbitration on that cause of action. Thus we are now concerned only with the first, third and fourth causes of action.

Recently our Court of Appeals set forth guidelines for the courts on motions to compel, or stay, arbitration. In the case of *Matter of County of Rockland (Primiano Constr. Co.)* (51 NY2d 1, 5), Judge JONES, writing for a unanimous court, stated that on such an application there are three threshold questions to be resolved by the court:

(1) whether the parties had agreed to submit their disputes to arbitration;

(2) if so, whether the particular dispute comes within the scope of their agreement, and

(3) whether there has been compliance with any condition precedent to access to the arbitration forum.

This last criterion is not applicable to this case as there is no condition precedent to be met.

█ As to the first criterion, we believe it to be a fair conclusion that there was a valid agreement to arbitrate. The contract between the parties contained a very broad arbitration provision. Paragraph 17 of the contract reads: "The parties hereto agree that any and all disputes among them, and any claim by any party that cannot be amicably resolved, shall be determined by arbitration in accordance with the rules then obtaining of the American Arbitration Association. Judgment upon an award of the arbitrator(s) shall be binding, and shall be entered in a court of competent jurisdiction. Nothing contained herein shall bar the right of any party hereto to obtain injunctive relief against threatened conduct that will cause loss or damage under the usual equity rules, including the applicable rules for obtaining preliminary injunctions, provided an appropriate bond against damages be provided."

The critical issue then is whether the note was an integral part of the agreement. The defendants argue that

the promissory note is referred to several times in the context of the contract and is a part thereof. The plaintiff takes the position that the note is a separate and complete instrument.

The agreement refers to the promissory note specifying that the note is attached as Exhibit D. It states what security is provided as collateral for the note, and details a procedure "[i]n the event the PURCHASERS fail to make payment on the Promissory Note when due in accordance with the terms thereof". This procedure entails notice by the seller to the purchasers, a 30-day period to cure the default and notice to the escrow agent holding the collateral. Furthermore, paragraph (d) of the note states specifically that it forms a part of the agreement: "[There may be acceleration if] the Maker shall breach any of the affirmative or negative warranties, covenants, [or] conditions * * * contained in the Agreement between the Maker and the Payee * * * of which this Note forms a part."

Thus, a reading of the note and the contract of sale together demonstrates clearly that the note was an integral part of the agreement. "It is well recognized that agreements executed at substantially the same time and related to the same subject matter are regarded as contemporaneous writings and must be read together as one" (*Flemington Nat. Bank & Trust Co. v Domler Leasing Corp.*, 65 AD2d 29, 32, affd 48 NY2d 678, citing *Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197; Restatement, Contracts 2d, § 213, Comment *c;* 22 NY Jur 2d, Contracts, § 226).

The plaintiff refers to the following language in the note to support his contention that the note is a separate and complete instrument: "If the Payee shall sue the Maker for collection of this Note, the Payee shall be entitled to recover, as part of his damages, the reasonable expenses of collection, including attorneys' fees, together with accrued but unpaid interest, for the bringing and maintaining of any such action; trial by jury is hereby waived." However, force and effect may be given to this language without rendering the note an instrument separate from the agreement. Such a construction would be in keeping with the cardinal rule that each provision in a contract should be

given effect and reconciled with all others, if possible, to render the whole agreement operative (22 NY Jur 2d, Contracts, §§ 221, 222; *Corhill Corp. v S.D. Plants*, 9 NY2d 595). This "standard" or "boiler plate" language in the note as to a jury waiver and attorneys' fees if a suit is brought for collection does not preclude arbitration. Furthermore, it does not appear to be the type of language the parties would have used to exclude arbitration on the note if such had been their intention. One purpose of this provision in the note is undoubtedly to establish legal fees and expenses in litigation involving "collection of this Note" where the payee proceeds thereon by an action, rather than a demand for arbitration, and the maker waives arbitration by not seeking to compel it under the arbitration provision of the agreement, or, where the maker allows the payee to obtain a default judgment.

Additionally, despite an arbitration agreement, court proceedings may be required to compel arbitration pursuant to CPLR 7503, to confirm an award pursuant to CPLR 7510, to vacate or modify an award pursuant to CPLR 7511, or to enforce a judgment on the award entered pursuant to CPLR 7514. Moreover, court proceedings preliminary to arbitration may raise factual issues which entitle a party to a jury trial (*Anthony Drugs of Bethpage v Local 1199 Drug & Hosp. Union, AFL-CIO*, 34 AD2d 788; *Matter of MVAIC [Stein]*, 23 AD2d 526, 527). And, while the arbitrators' fees and other expenses incurred in the arbitration may be recovered in the award, attorneys' fees are specifically excluded (CPLR 7513), unless they are expressly provided for in the arbitration agreement (*Matter of Koenigsberg [Zinn-Froessel]*, 51 AD2d 929; Liability of Parties to Arbitration for Costs, Fees, and Expenses, Ann., 57 ALR3d 633, §§ 4, 14, pp 37-38, 1982 Supp). Consequently, where, as at bar, the agreement to arbitrate does not contain any such express provision, the language of the note will prevail for the recovery of such fees by the payee if he is the successful party, by way of a separate action or proceeding. Therefore, as the defendants contend, the above references in the note to legal fees and jury waiver may properly pertain to potential litigation associated with arbitration, or to the situation where arbitration is

waived. Neither possibility is inconsistent with an agreement to arbitrate. In fact, the subject litigation is the very type of court proceeding the parties might have anticipated when drafting the agreement and note.

With regard to the issue of whether the particular dispute comes within the scope of the arbitration agreement, we conclude that it does. The agreement is extremely broad and, as noted above, provides that the parties "agree that *any and all* disputes among them, and *any* claim by any party that cannot be amicably resolved, shall be determined by arbitration". (Emphasis supplied.) It is difficult to imagine a broader arbitration agreement and nowhere does the language of the note limit this express intention to arbitrate.

In *Information Sciences v Mohawk Data Science Corp.* (43 NY2d 918), where, as here, there was a broad arbitration clause, even a limitation thereon was construed so narrowly that arbitration was not stayed. In that case defendant Mohawk agreed to replace two of plaintiff's computers. Plaintiff thought that defendant represented that certain existing parts would be compatible with the new unit. When they were not, plaintiff returned the components without payment. Defendant demanded arbitration. Plaintiff sought a stay and the stay was denied.

The arbitration clause stated that "[t]he parties * * * agree that any controversy or claim arising out of this Agreement, other than default in the payment of any charges due hereunder, or any dispute arising out of the interpretation or application of this Agreement, which the parties * * * are unable to resolve, shall be settled by arbitration" (*Information Sciences v Mohawk Data Science Corp., supra,* p 919).

The court reasoned that the exclusion of matters involving " 'default in the payment of any charges' * * * does not encompass every claim or dispute which is evidenced by failure to make payment, else the exclusion would engulf the agreement to arbitrate, leaving it without meaning" (43 NY2d, at p 920). The exclusion was read "to refer only to collection matters which arise after all the terms of the contract have been filled except payment" and

"[t]hus, the exclusion applies only to default in payment for reasons other than nonperformance of the sales and service contract provisions, at which point there would be little reason to use arbitration as a collection procedure" (43 NY2d, at p 920).

Just as in the *Mohawk* case, the present broad arbitration clause should be read to extend to the dispute over payment of the note (the first cause of action). This dispute is centered exclusively around the respective claims of the parties relating to the performance or nonperformance of the purchase and sale terms of the agreement. Therefore, the later "collection" language of the note should not be read to dilute the clear intent of the parties to arbitrate disputes or claims arising out of the agreement, since the note is the consideration for the agreement, and thus an essential and integral part thereof.

■ In the third cause of action, plaintiff demands a mandatory injunction requiring the defendants to deliver to him all of the books and records of the defendant corporation. Plaintiff alleges that the defendants are in wrongful possession "of books and records of plaintiff's corporation, including lists of customers, lists of accounts payable * * * [and] receivable, which items were not included in the purchase transaction". He alleges further that despite demand therefor, defendants refused to turn the property over and "plaintiff has been severely prejudiced in his ordinary business affairs".

Special Term granted the mandatory injunction and directed defendants "to return all books, records and customer lists". It held the third cause of action "specifically excluded from arbitration under the agreement".

The exclusion to which Special Term referred is the last sentence of the arbitration clause, which states: "Nothing contained herein shall bar the right of any party hereto to obtain injunctive relief against *threatened* conduct that will cause loss or damage under the usual equity rules, including the applicable rules for obtaining preliminary injunctions, provided an appropriate bond against damages be provided." (Emphasis supplied.)

Although we agree that an action for injunctive relief is excluded from arbitration by the terms of the agreement,

as Special Term found, to grant summary judgment on this cause of action was, in our view, improper. At best, issues of fact are raised; and, a preliminary injunction may only issue following proper notice, a hearing and an appropriate bond against damages as provided in the agreement and by CPLR 6312 (subd [b]). In any event, the relief requested is not within the intendment of the exclusionary clause. The language therein refers to injunctive relief for "threatened conduct" preventing the carrying out of the terms of the agreement. It has no reference to the cause of action alleged. Though the plaintiff labels the action as one for a "mandatory injunction", the nature of the action is in replevin for the return of the books and records of the corporation, all of whose stock was sold to the defendants under the agreement, but which are now claimed by the plaintiff. Thus, any dispute relating to the alleged "wrongful and willful possession of the books and records", and the defendants' failure and refusal to deliver or release the same to plaintiff on demand, arises out of the agreement, as a claim or dispute which cannot be amicably adjusted. "[R]egardless of the nature of the action, if the dispute arises 'out of' or is 'related in any manner' to the agreement, it is referable to arbitration." (*Joyce Research & Dev. Corp. v Equi-Flow Div. of Vibro Mfg. Co.,* 31 Misc 2d 952, 957, affd 15 AD2d 821, mot for lv to app dsmd 11 NY2d 1011, where a demand was made for corporate books and records in a replevin action and the issue was referred to arbitration under a broad arbitration clause.)

■ In the fourth cause of action, plaintiff alleges that "in flagrant violation of the terms of the contract between the parties, the defendants have collected monies belonging to the plaintiff and applied same to their own account [and] have directed customers to disregard prior obligations and to pay only on new invoices submitted by defendants, in direct contravention of the terms of the written agreement". The relief sought is an accounting to which plaintiff is not entitled. The right to an accounting rests upon a trust or fiduciary relationship and a duty upon the part of the defendant to account, or, under a joint venture agreement whereby the seller is to participate in losses as well as profits (*Lonsdale v Speyer,* 174 Misc 532, 551, affd 259

App Div 802, mot for lv to app den 259 App Div 863; *Pelkey v Pelkey,* 236 App Div 55), or, where special circumstances are present warranting equitable relief in the interest of justice (*Merchants Importing v Kuhn & Schneider,* 27 AD2d 709; cf. *Kaminsky v Kahn,* 23 AD2d 231, 240). Here, plaintiff's allegations do not plead the existence of a fiduciary or trust relationship entailing a duty owed therein by defendants to the plaintiff, nor any special circumstances justifying the equitable relief of an accounting. He was not, therefore, entitled to summary judgment. Again, as with the other causes of action, any dispute or claim "in flagrant violation of the terms of the contract", arises out of the agreement and is referable to arbitration thereunder.

In sum, all the causes of action alleged in the complaint are arbitrable.

LAZER, J. P., THOMPSON and BRACKEN, JJ., concur.

Appeals from the order dated October 28, 1981 and the judgment entered thereon dismissed. That order and judgment were superseded by the order granting reargument.

Order dated December 10, 1981 reversed insofar as appealed from, judgment dated October 29, 1981 vacated, and decretal paragraphs two, four and five of the order dated October 28, 1981, which, *inter alia,* granted summary judgment in favor of plaintiff on the first, third and fourth causes of action are vacated, plaintiff's cross motion is denied and defendants' motion to compel arbitration is granted as to all the causes of action.

Defendants are awarded one bill of $50 costs and disbursements.