In the Matter of COUNTY OF ROCKLAND DEPARTMENT OF SOCIAL SERVICES, Respondent, v ROCKLAND COUNTY UNIT, LOCAL 844, CIVIL SERVICE EMPLOYEES ASSOCIATION, Appellant.—

At issue on this appeal is whether sections 3 and 5 of article XX of the parties' collective bargaining agreement require the County of Rockland (hereinafter the county) to provide vehicles to employees who are called upon to transport clients. Section 3 of article XX of the agreement requires the county to maintain a working environment that reasonably serves the comfort, well-being and safety of its employees. Section 5 of article XX of the agreement contains a mileage allowance for employees using personal vehicles while attending to county's business. In addition, article XVIII of the agreement prohibits an arbitration panel from adding to, detracting from or modifying the agreement.

Once a party has participated in arbitration his ability to have the courts vacate or modify the award is limited by statute *(see,* CPLR 7511 [b] [1]; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582; *see also,* CPLR 7511 [c]). The power of the courts to intervene is even more restricted when the arbitrator's interpretation resolves the question submitted, and not merely one aspect of the dispute *(see, Rochester City School Dist. v Rochester Teachers Assn., supra,* at 582). In the case at bar, the appellant submitted the question of whether the county should be required to provide vehicles to employees for the transportation of clients. The record discloses no objection thereto by the county. As a consequence, the arbitration panel had the power to decide this question *(see, Rochester City School Dist. v Rochester Teachers Assn., supra).* Its resolution of the issue cannot be impugned unless completely irrational *(see, Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383). Under the circumstances of this case, we conclude that the arbitration panel's award was not completely irrational. Thus, the county, having participated in the arbitration, is bound by the panel's award *(Matter of National Cash Register Co. [Wilson], supra,* at 382).

The petitioner claims that the panel's award is against public policy because it usurps an important governmental function. Its argument is that the arbitration panel, by determining that the county is required "to see that there are sufficient personnel available when an escort is required" and that "[t]he County is required to have available sufficient vehicles to permit each employee, at his or her own option, to use a County vehicle", invaded the legislative and executive powers of the county to budget and tax. We do not agree that

the award here contravenes public policy. As the Court of Appeals has noted, "arguably every controversy has at its core some issue requiring the application, or weighing, of policy considerations" but the court will intervene for reasons of public policy only where a policy "prohibit[s], in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator" *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630-631; *Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.],* 65 NY2d 677, 678). The court in *Sprinzen* provided some examples of prohibited areas, including matters involving the enforcement of our State's antitrust laws and claims concerning the liquidation of insolvent insurance companies. These were characterized as representing public policy of the first magnitude which cannot be left to arbitration *(Matter of Sprinzen [Nomberg], supra,* at 630). The issues submitted to the arbitration panel here did not rise to this level and the award herein cannot, in any sense, be characterized as a violation of a strong public policy *(see also, Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898, 899).

Lastly, we conclude that the arbitration panel's retention of jurisdiction over the implementation of the petitioner's escort policy was not irrational or in excess of its authority *(see, Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.,* 95 AD2d 497, *affd* 61 NY2d 913; *Matter of Board of Educ. [Westmoreland Teachers Assn.],* 58 AD2d 228). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.