■ JOMAR BAKERY CORP., Respondent, v PERGAMENT UNITED SALES, INC., Doing Business as PERGAMENT, Appellant.—In an action, *inter alia,* to recover damages for breach of contract and constructive ejectment, the defendant appeals from a judgment of the Supreme Court, Nassau County (DiPaola, J.), entered July 19, 1988, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $11,890.20, and the plaintiff cross-appeals from the judgment on the ground that the damages awarded are insufficient.

Ordered that the judgment is reversed, on the law, with costs to the defendant, and the action is dismissed.

This action was commenced by the plaintiff Jomar Bakery Corp. (hereinafter Jomar), against the defendant Pergament United Sales, Inc. (hereinafter Pergament), *inter alia,* to recover damages for breach of contract and constructive ejectment. Jomar operated a bakery concession at a Pergament store, in space licensed to it by Pergament. After Jomar had been in occupancy for a short time, Pergament engaged in a series of acts which Jomar alleged caused its business to lose money. These acts included relocating the bakery department twice, and piling Pergament merchandise in front of and surrounding the bakery. Jomar complained to Pergament about the conduct, and Pergament allegedly refused to consent to any assignments of Jomar's license to another bakery but offered to release Jomar from its license. Thereafter, Jomar accepted Pergament's offer and signed the release.

Jomar contends that the release was signed under economic duress.

We find that Jomar was not precluded from exercising its free will. We are persuaded by the adequacy of the remedies available to Jomar. Jomar could have commenced an action against Pergament based upon Pergament's alleged threats to refuse to consent to any assignment of Jomar's license and to withhold Jomar's security deposit. Jomar elected to forego legal remedies available to it, and, instead, released its rights under the license. Thus, it cannot now argue economic duress (see, Austin Instrument v Loral Corp., 29 NY2d 124, 131; Kohn v Kenton Assocs., 27 AD2d 709).

Since Jomar voluntarily executed the surrender of its license and released Pergament from its obligations, as a matter of law, its remaining contentions are barred by the release. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.