■ HABITATIONS LIMITED, INC., Respondent, v BKL REALTY SALES CORP. et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered March 1, 1990, which, *inter alia,* confirmed an arbitration award, unanimously affirmed, with costs.

Respondent BKL Realty Sales Corp. hired petitioner as a sales consultant to assist in, *inter alia,* converting several premises to cooperative ownership. The agreement between the parties included a broad, unrestricted arbitration clause. Brett K. Lurie, the 100% owner of BKL Realty Sales Corp., agreed to be personally liable under the agreement until a company named BKL Realty Corp. was formed.

As a result of an alleged wrongful termination, petitioner demanded arbitration and sought damages. Lurie was named personally in the demand and he participated, in his individual capacity, in the proceedings. He thereafter moved to stay arbitration against him personally, which was denied. After four hearings, petitioner was permitted to amend the demand for arbitration to include specific allegations with respect to piercing the corporate veil. Eight months later, respondents moved to stay the arbitration, claiming that the arbitrator exceeded her authority by permitting the amendment. The motion was denied. After a total of six hearings, the arbitrator issued an award against both respondents which included attorneys' fees. The IAS court confirmed the award.

While respondents urge that counsel fees were inappropriately awarded, the fees were based on the arbitrator's interpretation of the agreement and will not therefore be overturned by this court. *(See, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341.) Moreover, the agreement clearly provides for attorneys' fees under the circumstances.

Lurie was also appropriately held liable in his personal capacity. He participated in the arbitration from the outset in his personal capacity and in fact agreed to be held personally liable until "BKL Realty Corp." was formed, an event which never occurred. On this evidence, and on ample evidence which demonstrated that Lurie was the alter ego of BKL Realty Sales Corp., the arbitrator could rationally conclude that respondent Lurie was personally liable. It was for the arbitrator to determine what issues were appropriately before her. (Matter of Silverman [Benmor Coats], 61 NY2d 299.) Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.