■ CBA INDUSTRIES, INC., Appellant-Respondent, v CIRCULATION MANAGEMENT, INC., et al., Respondents-Appellants.

On November 30, 1988, the plaintiff entered into an agreement to purchase the accounts, contract rights, and assets of Circulation Management, Inc. The asset purchase agreement contained a provision requiring any dispute arising under the agreement to be resolved by arbitration, and expressly provided that "[t]he expense of the arbitration shall be borne equally by the parties to the arbitration, provided that each shall pay for and bear the cost of its own experts, evidence and legal counsel".

The plaintiff subsequently commenced the instant action against the defendant corporation and its sole shareholder, alleging that they had breached the asset purchase agreement by failing to provide a true and accurate depiction of the corporation's financial condition. The Supreme Court directed the parties to proceed to arbitration pursuant to the purchase agreement, and, following a hearing, the arbitrator concluded

that the defendants had breached the agreement by providing incomplete and misleading financial information about two of the corporation's major accounts. The arbitrator awarded the plaintiff compensatory damages in the sum of $100,000, and counsel fees and costs in the sum of $44,508.52. Although the Supreme Court thereafter confirmed the award of compensatory damages to the plaintiff, it modified the arbitration award by deleting the requirement that the defendants pay the plaintiff's counsel fees and costs. We affirm.

A determination by an arbitrator who has the power to interpret the parties' contract will be set aside only if it is " 'completely irrational' * * *' or where the document expressly limits or is construed to limit the powers of the arbitrators, hence, narrowing the scope of arbitration' " (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582, quoting *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383, and *Lentine v Fundaro*, 29 NY2d 382, 385; cf., *Matter of Ploen v Monticello Cent. School Dist.*, 160 AD2d 879, 880). Contrary to the plaintiff's contention, the arbitration clause in the parties' agreement, which provided that each party would bear its own costs and legal expenses, constituted an express limitation on the arbitrator's power. Moreover, while an arbitrator's fee and other expenses incurred in the arbitration may be recovered in the award, attorneys' fees are specifically excluded (CPLR 7513) unless they are expressly provided for in the arbitration agreement (*see, Grossman v Laurence Handprints—N.J.*, 90 AD2d 95, 101). Accordingly, awarding of counsel fees and costs was beyond the scope of the arbitrator's power in this case (*see,* CPLR 7511 [c] [2]; 7513; *Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.*, 61 NY2d 913).

Upon our review of the record, we further find that the arbitrator's determination that the defendants were liable for breach of the parties' contract was not without a rational basis. Thus, the award of compensatory damages was properly confirmed (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *Matter of Zeller & Goldschmidt v Cooper, Selvin & Strassberg*, 167 AD2d 548, 549).

We have examined the remaining contentions raised by the defendants in their cross appeal, and find that they are without merit. Kunzeman, J. P., Eiber and O'Brien, JJ., concur.

Ritter, J., concurs in part and dissents in part, and votes to modify the order and judgment, on the law, by deleting the

second and third decretal paragraphs thereof, and substituting therefor a provision confirming so much of the arbitrator's award as directed the defendants to pay the plaintiff's attorneys' fees, with the following memorandum, in which Miller, J., concurs: The dispute underlying this appeal arises from the sale of a business which distributed advertising circulars by inserting them in newspapers delivered in Long Island. The contract of sale fixed a purchase price of $500,000 based on representations made by the defendants concerning the profit margin and volume of the business acquired. The arbitrator determined that these critical facts were misrepresented, justifying an award of $100,000 in compensatory damages to the plaintiffs. That award was confirmed by the Supreme Court, and we agree with the majority that it should stand. However, we would hold that an award of attorneys' fees made by the arbitrator should also be confirmed. The Supreme Court disallowed attorneys' fees, holding that it was beyond the power of the arbitrator to award them. We find no such limitation in the contract. Because the portion of the contract dealing with the representations that induced the purchase was of such critical importance to the transaction, the parties agreed that any misrepresentation would result in an award of "damages, including reasonable attorneys' fees and costs, incurred by the party to whom such representations, covenants, and warranties were made". Thus, the contract expressly included attorneys' fees as an element of damages if a misrepresentation were found.

In or about January 1989 the plaintiffs commenced the instant action to recover damages for breach of contract against the defendants in the Supreme Court, Nassau County. In the complaint, it was alleged, *inter alia,* that the defendants breached the contract by making various misrepresentations. The plaintiffs sought $450,000 in compensatory damages and $75,000 as and for reasonable attorneys' fees, costs, and expenses. The Supreme Court, upon motion of the defendants, stayed the lawsuit, and, finding that the "subject controversy is arbitrable", directed the parties to proceed to arbitration in accordance with their agreement.

It is significant that the defendants did not contend that the plaintiff's claim for attorneys' fees should be excluded from the arbitration proceeding. Indeed, in conjunction with their motion to compel arbitration, the defendants served a demand for arbitration requesting a declaration that they had complied with the contract and seeking an interpretation of "the disputed clauses of the contract". This demand was based on

the broad contract provision that "any dispute or controversy arising out of or relating to [the] Agreement shall be determined and settled by arbitration". Once again, the defendants made no effort, in their demand for arbitration, to withhold the question of whether the plaintiff was entitled to recover attorneys' fees under the express terms of the agreement.

The arbitrator, *inter alia*, found that the defendants had provided incomplete and misleading information with respect to two important customers, denied their request for declaratory relief, and awarded the plaintiff $100,000 with statutory interest from the date of the agreement, November 30, 1988, to the date of payment, plus the sum of $44,508.52 representing attorneys' fees and costs.

The plaintiffs moved to confirm the award and for entry of judgment. The defendants cross-moved to vacate the award, arguing that the amount of compensatory damages was arbitrary and capricious, and that the award of attorneys' fees was both irrational and beyond the scope of the arbitrator's authority.

The Supreme Court granted the plaintiffs' motion to the extent of confirming the award of compensatory damages, but vacated the award of attorneys' fees. The court denied the cross motion to vacate the award, on the ground that that cross motion was untimely served. Although the court noted it was not considering the papers submitted by the defendants, it concluded that "the arbitrator rendered an award upon a matter not properly submitted to him".

The court erroneously concluded that the arbitrator rendered an award upon a matter not properly submitted to him. Once a party has participated in arbitration, his ability to have the award vacated or modified is limited by statute (CPLR 7511 [b] [1]; *see also,* CPLR 7511 [c]). An award may be vacated on the ground that the arbitrator "exceeded his power" (CPLR 7511 [b] [1] [iii]), but when the arbitrator has been authorized to resolve disputes regarding the interpretation of the contract, the determination will only be set aside if it is "completely irrational" *(see, Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). The court's power to intervene is especially limited when, as here, the arbitrator's interpretation of the agreement resolves the whole dispute submitted and not merely one aspect of the dispute *(Rochester City School Dist. v Rochester Teachers Assn., supra).*

In the case at bar, the arbitrator decided the very question

which the defendants themselves submitted for his resolution. Their demand for arbitration did not contain any request that the arbitrator's interpretation be limited to compensatory damages to the exclusion of attorneys' fees. They requested a decision on the merits of all the disputed clauses of the contract and raised no question as to the power of the arbitrator to decide the entire issue presented to him. By participating in the arbitration proceeding without objecting to the arbitrator's power to award attorneys' fees, the defendants became bound by his determination unless it was completely irrational *(see, Matter of County of Rockland Dept. of Social Servs. v Rockland County Unit,* 140 AD2d 441, 442; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377). Here, the arbitrator's determination was not irrational. Moreover, we conclude that the award of attorneys' fees was authorized under the broad scope of authority conferred by the parties' agreement.

The scope of the arbitrator's authority must be determined from the language of the agreement, using accepted rules of contract law *(Matter of Cowen & Co. v Anderson,* 76 NY2d 318, 321). The essential determination of which issues should be submitted to the arbitrator for resolution must be based upon the parties' intentions, as expressed in their agreement *(see, Stanley & Son v Trustees of Hackley School,* 42 NY2d 436, 439-440).

Under paragraph 27 of the subject agreement, the arbitrator was given the broadest possible authority to determine "any dispute or controversy arising out of or relating to this agreement". A separate clause of the same paragraph allocates the expenses of the arbitration, which were to be borne equally by the parties, and provides that each [party] shall bear the cost of its own legal counsel.

The language of this latter clause tracks the general rule regarding counsel fees codified under CPLR 7513, but it does not expressly or inferentially limit the broad scope of authority conferred upon the arbitrator by the preceding clause. More importantly, it seems to us that the parties expressly intended to deviate from the general language regarding the allocation of legal costs incurred as a result of material misrepresentations.

The arbitrator's award in this case was based on the defendants' breach of certain covenants and warranties that were critical parts of the agreement. It was expressly agreed that the plaintiff's damages, in the case of the defendants' breach of this provision, would include "reasonable attorneys' fees

and costs". Since the question of whether the defendants breached their obligations under this specific provision was properly submitted to the arbitrator, it follows that he had the authority to resolve the entire issue, and make an award which included the full measure of damages recoverable under the agreement (cf., *Rochester City School Dist. v Rochester Teachers Assn., supra,* at 582).

In construing the intent of the parties, we should adopt an interpretation that gives meaning to every provision of the contract (see, *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46). An interpretation which imposes a limitation on the arbitrator's authority defeats the purpose of the parties' broad arbitration clause and will force the plaintiff to pursue further litigation in the courts in order to obtain the complete remedy contemplated under the agreement. Here, the arbitrator's authority to award attorneys' fees is sufficiently established by the express provisions of the parties' agreement (cf., *Grossman v Laurence Handprints—N.J.,* 90 AD2d 95; *Matter of Koenigsberg,* 51 AD2d 929). The specific language permitting recovery of attorneys' fees would seem to be at odds with the general provision of the contract that each party shall pay for his own legal counsel in arbitrating a dispute. These separate provisions should be read together and harmonized, by holding that the parties' intention was that legal fees shall be awarded only for a breach of the most critical portion of the contract— the representations that induced the agreement.

The construction adopted by the Supreme Court split the cause of action to recover damages: the court found that the legal fees portion of the contractually defined damages that resulted from misrepresentations were not arbitrable, while compensatory damages had to be determined by arbitration, so the litigants were left with the anomalous result of having compensatory damages determined by the arbitrator and damages resulting from legal expenses determined by the courts. The obvious disadvantage to all of the interests involved that attends this construction of the contract, not to mention the public policy drawbacks, is yet another reason for holding that, under the agreement, both issues were subject to arbitration.

Accordingly we would hold that the award of attorneys' fees was within the scope of the arbitrator's broad authority. The order and judgment should therefore be modified, and the plaintiffs' motion to confirm the arbitrator's award should be granted in its entirety.