■ In the Matter of Roberta Barbee, Respondent, v Nationwide Mutual Insurance Company, Appellant. [599 NYS2d 70] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Nationwide Mutual Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), entered June 24, 1991, which granted the petitioner's motion to confirm the award, denied the appellant's cross motion to modify the award, and is in favor of the petitioner and against the appellant in the principal sum of $250,000.

Ordered that the judgment is affirmed, with costs.

On December 9, 1988, the petitioner was seriously injured when she was struck by a car operated by Karen Conner. The car was insured by Government Employees Insurance Company which had issued a policy with liability coverage of $10,000. The petitioner served a demand for arbitration upon her insurer, the respondent Nationwide Mutual Insurance Company (hereinafter Nationwide), pursuant to the underinsured motorist provisions of her policy. The policy had been issued in North Carolina to the petitioner's husband. The policy covered three vehicles, each of which carried an underinsured limit of $100,000. The parties proceeded to arbitration

and the petitioner was awarded $250,000. The petitioner moved to confirm the award and Nationwide cross-moved to modify the award on the ground that the underinsured coverage was limited under New York law to $100,000. The Supreme Court confirmed the award, finding that North Carolina law, which permits "stacking" of coverage, governed the policy and the underinsured coverage was $300,000. We affirm.

Once a party has participated in arbitration, its ability to challenge confirmation or seek modification of the award is limited to the grounds specified by statute (see, CPLR 7510, 7511 [b] [1]; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582; *Matter of County of Rockland Dept. of Social Servs. v Rockland County Unit,* 140 AD2d 441, 442). Nationwide does not challenge the award upon any of the enumerated statutory grounds, but argues instead that the arbitrator applied the incorrect law. Such a claim cannot be entertained by the court unless the award is violative of public policy, is totally irrational, or exceeds a specifically enumerated limitation on the powers of the arbitrator (see, *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). The arbitration clause in the subject policy is broad and contains no limitation on the arbitrator's power with respect to the applicable law. Further, we find that the award does not violate public policy and is not totally irrational. Accordingly, the motion to confirm was properly granted.

We have examined Nationwide's remaining contentions and find them to be without merit. Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.