■ In the Matter of the Arbitration between LEPERCQ DE-NEUFLIZE & Co., INC., et al., Respondents, and HELMSLEY ENTERPRISES, INC., Appellant. [603 NYS2d 332] —Order and judgment (one paper) Supreme Court, New York County (Harold Baer, Jr., J.), entered July 27, 1992, and order and judgment of the same court entered on October 8, 1992, and November 24, 1992, respectively, which, *inter alia,* awarded petitioners counsel fees in connection with an arbitration proceeding, unanimously affirmed, with costs.

Article XIII of the parties' limited partnership agreement provides for arbitration of all disputes and that the successful party recover the expenses of arbitration. This provision does not specifically exclude the recovery of attorneys' fees and thus the arbitrators were free to interpret the agreement to allow for such recovery *(see, Habitations Ltd. v BKL Realty Sales Corp.,* 169 AD2d 657). The fact that the arbitration had between the same parties 10 years earlier under the limited partnership agreement in which counsel fees were not awarded does not collaterally estop or otherwise preclude an award of counsel fees in this arbitration proceeding. The prior proceeding did not specifically address the right to recover such fees. Rather, fee applications submitted by both parties could have been denied because neither party predominately

prevailed in that earlier proceeding. Here, the petitioners were granted nearly all of the relief requested, including a dissolution of the limited partnership and appointment of a receiver and an accounting. Moreover, the claim that the fees were not adequately established or were granted prior to the result of the accounting is without merit since the award confirmed by the IAS Court was not completely irrational (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582). Concur—Wallach, J. P., Ross, Kassal and Nardelli, JJ.