■ In the Matter of MKC DEVELOPMENT CORP. et al., Respondents, v GLORIA WEISS et al., Appellants. [612 NYS2d 946] — In a proceeding pursuant to CPLR 7511 to confirm an arbitration award, Gloria Weiss and William Weiss appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Colabella, J.), entered February 14, 1992, which, *inter alia,* denied their cross motion to vacate or modify that portion of the award which granted attorneys' fees to the petitioners and to counsel retained by the insurance carrier for the petitioner Kurth & Kurth, and (2) a judgment of the same court dated March 9, 1992, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order entered February 14, 1992, is vacated, and the cross motion is granted; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Contrary to the finding of the Supreme Court, attorneys' fees may not be recovered in an arbitration proceeding unless

they are expressly provided for in the arbitration agreement *(see,* CPLR 7513; *CBA Indus. v Circulation Mgt.,* 179 AD2d 615, 616; *Grossman v Laurence Handprints-N.J.,* 90 AD2d 95, 101; *Matter of Konigsberg [Zinn-Froessel],* 51 AD2d 929, 930; *see also, Hooper Assocs. v AGS Computers,* 74 NY2d 487, 490; *cf., Matter of Lepercq Deneuflize & Co. v Helmsley Enters.,* 198 AD2d 147). Accordingly, because the agreements of the parties failed to provide for attorneys' fees, the arbitrators exceeded the scope of their powers by awarding the petitioners their attorneys' fees *(see,* CPLR 7511 [c] [2]; 7513; *Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913).

In any event, we note that in their post-hearing papers, the petitioners sought attorneys' fees to punish the respondents for their behavior during arbitration, a fact which was recognized by the Supreme Court. As a result, the award violated public policy because it was solely punitive in nature *(see, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 356-357). Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.