■ In the Matter of DORI GREENBERG, Appellant, v JACOB GREENBERG, Respondent. [656 NYS2d 369] —In a support proceeding pursuant to Family Court Act article 4, the wife appeals from an order of the Family Court, Rockland County (Warren, J.), entered June 28, 1995, which, *inter alia,* granted the motion of the husband to vacate all prior orders requiring payment of spousal support arrears.

Ordered that the order is affirmed, without costs or disbursements.

On March 31, 1993, the wife agreed to submit "all disputes" with the husband to a rabbinical court (hereinafter Bais Din) for adjudication. On June 18, 1993, the Bais Din convened, and

the parties executed general releases discharging each other from "all * * * debts, dues, sums of money * * * judgments * * * claims and demands * * * in law, admiralty or equity". The main issue on appeal is whether the wife's release of the husband from his preexisting support obligations was extracted under duress. The wife argues that she signed the release under threat that her failure to do so would prompt the issuance of a "siruv", that is, a type of writ issued by a rabbinical court against a party who has disobeyed its decrees.

We find that the wife freely submitted herself to the jurisdiction of the Bais Din and that this was a manifestation of her having voluntarily undertaken obedience to the religious law which such tribunals interpret and enforce. The "threat" of a siruv, which entails a type of ostracism from the religious community, and which is prescribed as an enforcement mechanism by the religious law to which the petitioner freely adheres, cannot be deemed duress (see, Lieberman v Lieberman, 149 Misc 2d 983, 987). The record in the present case does not support a finding that the wife was subjected to any particular coercion greater than that which is intrinsic in the case of any member of a religious community who, as a matter of conscience, feels obligated to obey the laws of his or her religious organization, or to follow the decrees of a religious court, and who consequently exposes himself or herself to the ecclesiastical sanctions available for the enforcement of such decrees or such law (cf., Golding v Golding, 176 AD2d 20; Perl v Perl, 126 AD2d 91; Segal v Segal, 278 NJ Super 218, 650 A2d 996; see also, Aflalo v Aflalo, 295 NJ Super 527, 685 A2d 523). In sum, the release signed by the wife was, as a matter of law and fact, voluntary.

We have examined the wife's remaining contentions and find them to be without merit. In no event, however, shall this decision or the determination of the Bais Din be deemed to limit the wife's right to seek an order of protection. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.