■ JOSEPH BERG, Appellant, v HADASSAH BERG, Respondent. [926 NYS2d 568]—

In a matrimonial action in which the parties were divorced by judgment dated March 5, 2007, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Sunshine, J.), dated September 8, 2008 which, inter alia, denied that branch of his motion which was to vacate so much of an arbitration award dated January 6, 2008, as awarded an attorney's fee to the defendant and directed him to pay all of the defendant's legal expenses in all future matters in which he is the plaintiff, and granted that branch of the defendant's cross motion which was to confirm that portion of the arbitration award.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying that branch of the plaintiff's motion

which was to vacate so much of the arbitration award as awarded an attorney's fee to the defendant and directed the plaintiff to pay all of the defendant's legal expenses in all future matters in which he is the plaintiff, and granted that branch of the cross motion which was to confirm that portion of the arbitration award, and substituting therefor provisions granting that branch of the plaintiff's motion and denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant, who were separated, agreed to arbitrate the dissolution of their marriage before a rabbinical court, or Beth Din. They subsequently divorced, and the Beth Din limited the arbitration to the financial issues. The Beth Din issued an award dated January 6, 2008. The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to vacate so much of the arbitration award as awarded an attorney's fee to the defendant and directed him to pay all of the defendant's legal expenses in all future matters in which he is the plaintiff, and granted that branch of the defendant's cross motion which was to confirm that portion of the arbitration award. The plaintiff appeals.

The plaintiff failed to meet his burden of proving by clear and convincing evidence that alleged impropriety or misconduct of the arbitrators prejudiced his rights or the integrity of the arbitration process or award (*see* CPLR 7511 [b] [1] [i]; *Matter of Balis v Chubb Group of Ins. Cos.*, 50 AD3d 682 [2008]; *Matter of Mounier v American Tr. Ins. Co.*, 36 AD3d 617 [2007]; *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778, 780 [2005]; *Matter of Westchester Ice Hockey Officials Assn., Inc. v Section One, Inc., of N.Y. State Pub. High School Athletic Assn., Inc.*, 15 AD3d 411 [2005]).

The plaintiff contends that the Supreme Court should have vacated the arbitration award on the ground that one of the rabbis on the Beth Din was not a neutral arbitrator. However, the parties agreed to appoint the members of the Beth Din by each party selecting one arbitrator, and the two appointed arbitrators then selected a third neutral arbitrator as the presiding member of the panel (*see Matter of Glatzer v Glatzer*, 73 AD3d 1173, 1175 [2010]; *Zeiler v Deitsch*, 500 F3d 157, 160-161 [2007]). "The law recognizes the practical reality that, in a standard tripartite arbitration each party's arbitrator is not individually expected to be neutral" (*Matter of Meehan v Nassau Community Coll.*, 243 AD2d 12, 17 [1998] [internal quotation marks omitted]). The plaintiff failed to establish that the arbitrator designated by the defendant engaged in misconduct

warranting vacatur of the award (*see Matter of State Wide Ins. Co. v Klein,* 106 AD2d 390, 390-391 [1984]).

We find that the plaintiff "freely submitted [himself] to the jurisdiction of the [Beth] Din and that this was a manifestation of [his] having voluntarily undertaken obedience to the religious law which such tribunals interpret and enforce. The 'threat' of a siruv, which entails a type of ostracism from the religious community, and which is prescribed as an enforcement mechanism by the religious law to which the [plaintiff] freely adheres, cannot be deemed duress" (*Matter of Greenberg v Greenberg,* 238 AD2d 420, 421 [1997]; *see Lieberman v Lieberman,* 149 Misc 2d 983, 987 [1991]).

Contrary to the plaintiff's additional contentions, vacatur of the arbitration award is not warranted since "the award did not violate a strong public policy, was not irrational, and did not manifestly exceed[ ] a specific, enumerated limitation on the arbitrator's power" (*Matter of Local 456, Intl. Bhd. of Teamsters v City of Yonkers,* 75 AD3d 555 [2010] [internal quotation marks omitted]; *see* CPLR 7511 [b] [1] [iii]; *Matter of Erin Constr. & Dev. Co., Inc. v Meltzer,* 58 AD3d 729, 729 [2009]; *see also Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72, 79 [2003]; *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.,* 24 AD3d at 779).

However, the arbitrators erred in awarding an attorney's fee to the defendant and in directing the plaintiff to pay all of the defendant's legal expenses in all future matters in which he is the plaintiff. In a voluntary arbitration, attorneys' fees may not be recovered unless they are expressly provided for in the arbitration agreement (*see* CPLR 7513; *Myron Assoc. v Obstfeld,* 224 AD2d 504 [1996]; *Matter of MKC Dev. Corp. v Weiss,* 203 AD2d 573, 573-574 [1994]). Accordingly, because the arbitration agreement failed to provide for an attorney's fee, the Supreme Court erred in awarding an attorney's fee to the defendant and directing the plaintiff to pay all of the defendant's legal expenses in all future matters in which he is the plaintiff.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.