In a proceeding pursuant to CPLR article 75 to confirm an arbitration award and for an award of an attorney’s fee in connection with the enforcement of the arbitration award, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), dated June 22, 2011, which, upon an order of the same court dated October 7, 2010, granting that branch of the motion of RW Adart Poly, LLC, which was to modify the arbitration award so as to reduce it from the sum of $14,786.15 to the sum of $9,786.15, and granting the petition to confirm the arbitration award only to the extent of awarding the petitioner the sum of $9,786.15, upon an order of the same court dated March 29, 2011, made upon reargument, in effect, *555 vacating the determination in the order dated October 7, 2010, awarding the petitioner the reduced sum of $9,786.15 and thereupon remitting the matter to the arbitrator to clarify what part of the arbitration award, if any, consisted of an award of an attorney’s fee incurred by the petitioner in the arbitration proceeding, upon the arbitrator’s “explanation of award” dated April 12, 2011, clarifying that the sum of $2,030 was awarded to the petitioner as an attorney’s fee incurred in the arbitration proceeding, and upon a stipulation dated April 7, 2011, awarding the petitioner the sum of $7,837.50 as an attorney’s fee incurred in litigating this proceeding, is in favor of the petitioner and against RW Adart Poly, LLC, in the total sum of only $22,344.05, consisting of a reduced arbitration award in the principal sum of only $12,756.15, plus interest in the sum of $1,220.40, costs and disbursements in the sum of $530, and an award of an attorney’s fee in the sum of $7,837.50 pursuant to the stipulation dated April 7, 2011.
Ordered that the judgment is modified, on the law, (1) by increasing the arbitration award from the principal sum of $12,756.15 to the principal sum of $14,786.15, and (2) by deleting the award of interest; as so modified, the judgment is affirmed, with costs to the petitioner, the petition to confirm the arbitration award in the sum of $14,786.15 is granted in its entirety, that branch of the motion of RW Adart Poly, LLC, which was to modify the arbitration award is denied, the order dated October 7, 2010, is modified accordingly, the order dated March 29, 2011, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a recalculation of the interest due on the arbitration award, a determination of the appropriate amount to be awarded to the petitioner as an additional attorney’s fee for the litigation of this appeal, and the entry of an appropriate amended judgment thereafter.
On February 17, 2004, RW Adart Poly, LLC (hereinafter RW), entered into an agreement to lease security equipment and services from the petitioner for a period of 10 years. During that time, the parties’ relationship deteriorated and, pursuant to the terms of their agreement, the petitioner commenced arbitration proceedings against RW alleging breach of contract. The arbitrator ruled in favor of the petitioner and awarded it the total sum of $14,786.15, including $8,630 as an attorney’s fee.
In April 2010, the petitioner commenced this proceeding to confirm the arbitration award and for an additional award of an attorney’s fee in connection with its efforts to enforce the award in court. RW did not answer, but instead moved, inter alia, to vacate or modify the award. In an order dated October 7, 2010, *556 the Supreme Court, among other things, granted that branch of RW’s motion which was to modify the arbitration award so as to reduce it by $5,000, that is, from the sum of $14,786.15 to the sum of $9,786.15. The Supreme Court determined that, of the $8,630 included in the award as an attorney’s fee, the sum of $5,000 was awarded as an attorney’s fee in connection with arbitration of the petitioner’s claim, but that the agreement did not provide for such an award (see Matter of MKC Dev. Corp. v Weiss, 203 AD2d 573, 573-574 [1994]). To the contrary, the court determined that the agreement provided for an award of an attorney’s fee incurred in litigation only. Based on that determination, the Supreme Court concluded that the arbitrator exceeded the scope of his powers (see CPLR 7511 [c] [2]), and granted the petition to confirm the arbitration award, but only to the extent of awarding the petitioner the reduced sum of $9,786.15.
Thereafter, the petitioner moved, inter alia, for leave to reargue. In an order dated March 29, 2011, the Supreme Court, upon reargument, adhered to its determination that the portion of the arbitration award which was for an attorney’s fee arising from arbitration was beyond the scope of the arbitrator’s power. However, upon reargument, the court remitted the matter to the arbitrator to clarify how much of the award represented fees incurred in arbitration.
The arbitrator issued an “explanation of award” dated April 12, 2011, which clarified that the amount of $2,030 was awarded to the petitioner as an attorney’s fee in connection with the arbitration proceedings. Thereafter, the Supreme Court entered the judgment appealed from, which awarded the petitioner the total sum of $22,344.05, consisting of, inter alia, an amended arbitration award, which deleted the sum of $2,030 from the initial award and, thus, reduced the initial award from the sum of $14,786.15 to the sum of $12,756.15, and an additional award of $7,837.50 to reimburse the petitioner for the attorney’s fee that it incurred in litigating the proceeding to confirm the arbitration award before the Supreme Court, a fee award which was stipulated to by the parties on April 7, 2011. The petitioner appeals, challenging, among other things, the court’s modification of the arbitration award.
As a general matter, attorneys’ fees may not be recovered in an arbitration proceeding unless they are expressly provided for in the arbitration agreement (see CPLR 7513; Berg v Berg, 85 AD3d 950, 952 [2011]; Myron Assoc. v Obstfeld, 224 AD2d 504 [1996]; Matter of MKC Dev. Corp. v Weiss, 203 AD2d at 573-574; CBA Indus. v Circulation Mgt., 179 AD2d 615, 616 [1992]; *557 Grossman v Laurence Handprints-N.J., 90 AD2d 95, 101 [1982]). If the parties’ agreement does not provide for an award of attorneys’ fees, then an arbitrator who awards an attorney’s fee has exceeded the scope of his or her powers (see CPLR 7511 [c] [2]; MKC Dev. Corp. v Weiss, 203 AD2d at 574; CBA Indus. v Circulation Mgt., 179 AD2d at 616).
Here, it is undisputed that the agreement contains an express provision for an award of an attorney’s fee in the event that the petitioner prevails in “any litigation between the parties.” The agreement also provides, however, that “[a]ny action or dispute between the parties, including issues of arbitrability, shall, at the option of either party, be determined by arbitration” at a specified arbitration forum, pursuant to that forum’s commercial arbitration rules. The commercial arbitration rules of the arbitral forum in this case provide, in pertinent part, that the arbitrator “shall be permitted to award to a party counsel fees.”
Contrary to the determination of the Supreme Court, the terms of the parties’ arbitration agreement thus expressly provide for an award of an attorney’s fee incurred in either arbitration proceedings or court proceedings. Accordingly, the Supreme Court should have granted the petition to confirm the arbitration award in its entirety, and should have denied that branch of RW’s motion which was to modify the award.
Further, since the agreement also provides for an award of an attorney’s fee in the event that the petitioner prevails in court proceedings, the petitioner is entitled to an award of an additional attorney’s fee in connection with the litigation of this appeal. Thus, we remit the matter to the Supreme Court, Nassau County, for a determination of the appropriate amount to be awarded to the petitioner in this regard, and the entry of an appropriate amended judgment thereafter.
The parties’ remaining contentions need not be reached in light of our determination. Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.