Matter of Alico Servs. Corp. v Westchester Bldg. Co. LLC (2020 NY Slip Op 06203)





Matter of Alico Servs. Corp. v Westchester Bldg. Co. LLC


2020 NY Slip Op 06203


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 656456/18 Appeal No. 12223 Case No. 2020-01989 

[*1]In re Alico Services Corporation, as Tenant ("Amalgated"), Claimant-Respondent,
v
Westchester Building Company LLC, as Landlord ("Landlord"), Respondent-Appellant.


Harwood Reiff LLC, New York (Simon W. Reiff of counsel), for appellant.
Schulte Roth & Zabel LLP, New York (Robert J. Ward of counsel), for respondent.



Order and judgment (one paper) of the Supreme Court, New York County (Andrea Masley, J.), entered September 24, 2019, which granted tenant's petition to confirm an arbitration award and supplemental arbitration award in its favor, denied respondent landlord's cross motion to vacate the award, and entered judgment in the amount of $2,485,727.38 in petitioner's favor, unanimously affirmed, with costs.
Pursuant to CPLR 7511(b)(1), an arbitration award will only be vacated where there has been corruption, fraud, or misconduct in procuring the award, the arbitrator exceeded his or her power, or there has been a failure to follow the procedure of CPLR article 75 (Matter of Henneberry v ING Capital Advisors, LLC, 10 NY3d 278, 283 [2008]). An arbitrator exceeds his or her power only "where the award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). A court is bound by an arbitrator's findings of fact and interpretation of the contract (Matter of Brown & Williamson Tobacco Corp. v Chesley, 7 AD3d 368, 372 [1st Dept 2004]).
Here the award was not utterly irrational. Rather, landlord merely disagrees with the proper interpretation of the lease, which is not a basis to disturb the award (Brown & Williamson, 7 AD3d at 372; Transparent Value, L.L.C. v Johnson, 93 AD3d 599, 601 [1st Dept 2012]). Moreover, the award was final and definite (see Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]; see also Matter of New York Merchants Protective Co., Inc. v RW Adart Poly, LLC, 108 AD3d 554, 557 [2d Dept 2013]; Fairfield Towers Condominium Assn. v Fishman, 1 AD3d 252 [1st Dept 2003]).
We have considered landlord's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020